**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos A. FUENTE–KOLBENSCHLAG,
Defendant–Appellant.**

**No. 88–5424.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 3, 1989.

---

Theodore J. Sakowitz, Federal Public Defender, Lisa Rosenthal, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., William Xanttopoulos, Linda Collins Hertz, Harriett R. Galvin, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before CLARK and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

## PER CURIAM:

Carlos Fuente–Kolbenschlag was indicted on three counts of counterfeiting. Pursuant to a plea agreement with the Government, appellant pled guilty to the indictment. The plea agreement included a recommendation that appellant receive a two-point reduction under sentencing guideline 3E1.1[1] for "acceptance of responsibility." The agreement, however, did not compute an actual sentence, and appellant recognized in the agreement that the agreement would not be binding upon the court.

The presentence investigation report prepared by the United States Probation Office computed appellant's sentence as follows:

1. Base Level Sentence—Guideline § 2B5.1[2] ................. 9
2. Offense characteristic enhancement because: "the defendant manufactured the currency while he also controlled the counterfeiting devices and materials," pursuant to Guideline § 2B5.1(b)(2)[3] ........ plus 6 = 15
3. Adjustment for role in the offense due to use of a special skill—Guideline § 3B1.3[4] .......... plus 2 = 17
4. Adjustment for defendant's acceptance of responsibility[5] ...... minus 2 = 15

At the sentencing hearing, appellant challenged the application of guideline 3B1.3 for the use of special skill on the ground that it is effectively a "double-enhancement" of his guideline computation since the use of special skill is inherent in the crime of counterfeiting. The district court rejected the argument and sentenced appellant to 21 months imprisonment, the shortest sentence available under the guideline computation recommended by the Government[6]. The district court noted on the

---

1. "Sentencing guideline" or "sentencing guidelines" refers hereafter to the guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C.A. § 994(a) (Supp. 1989) and reprinted in United States Sentencing Commission, *Sentencing Guidelines and Policy Statements* (April 13, 1987).

2. Section 2B5.1 is the guideline applicable to "offenses involving counterfeit obligations of the United States."

3. Section 2B5.1(b)(2) provides:
   If the defendant manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting, and the offense level as determined above is less than 15, increase to 15.

4. Section 3B1.3 provides:

*Abuse of Position of Trust or Use of Special Skill.* If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed in addition to that provided for in § 3B1.1, nor may it be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic.

5. Section 3E1.1 provides, in pertinent part:
   *Acceptance of Responsibility.* (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

6. Fuente–Kolbenschlag's "criminal history category" was determined to be 3, a determination which he does not challenge on appeal. According to appellant, his offense level, minus the

record that it was sentencing appellant at the low end of the guideline range, and also noted that the sentence imposed would have been within the range recommended by appellant. We affirm the sentence imposed.

■ Initially, we address an issue which is not raised by either of the parties in their briefs: whether the defendant may appeal a sentence which is imposed within the guideline range advocated by the defendant. We conclude that the sentence is appealable. 18 U.S.C.A. § 3742 (1985 and Supp.1989) provides:

> (a) **Appeal by a defendant.**—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
>
> ....
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines....

Identical language is used to delineate the scope of review in the appellate court:

> (e) **Consideration.**—Upon review of the record, the court of appeals shall determine whether the sentence—
>
> ....
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines....

The legislative history of section 3742 suggests that appellate review of sentences is available to insure correct application of the guidelines in order to reduce disparity in sentencing—a primary goal of the entire Sentencing Reform Act of 1984. *See* 1984 U.S.Code Cong. and Adm.News 3182, 3269. According to the legislative history, "[i]f the court determines that the sentence was

imposed ... as a result of an incorrect application of the guidelines, it is required to remand the case for further proceedings or correct the sentence." *Id.* at 3337. Nothing in the language of section 3742 or its legislative history suggests that the defendant's right to appeal is limited to those cases in which there is a complete divergence between the guideline ranges advocated by the Government and by the defendant, and we decline to read such a limitation into the statute. We conclude, therefore, that a sentence is appealable if the appealing party alleges that the sentencing guidelines have been incorrectly applied, even in cases where the guideline ranges advocated by each of the parties overlap.[7]

■ Having concluded that the sentence imposed in this case is reviewable, we also conclude that the district court correctly applied the guidelines—specifically, guideline 3B1.3. The "base offense level" under guideline 2B5.1 (Offenses Involving Counterfeit Obligations of the United States) is 9, and the level is to be increased to 15 "[i]f the defendant manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting...." *Sentencing Guidelines, supra,* at 2.27. The Commentary to the guideline states that "an enhancement is provided for a defendant who produces, rather than merely passes, the counterfeit items." *Id.* at 2.27. The Commentary does not distinguish between the various aspects of production of counterfeit items—such as purchasing and delivering of materials and machinery, operating and maintaining the machinery, guarding the counterfeiting operation, or recruiting and organizing print-

---

enhancement for use of special skill under guideline 3B1.3, should have been 13, and his guideline range should have been 15 to 21 months. The Government recommended an offense level of 15 and a guideline range of 21 to 27 months. *See,* "Sentencing Table," *Sentencing Guidelines and Policy Statements, supra,* at 5.2.

**7.** Our conclusion is not weakened by the fact that the district court explicitly sentenced Fuente–Kolbenschlag at the low end of the guideline range advocated by the Government

because of the enhancement for use of special skill under guideline 3B1.3. Although the court stated on the record that "I would have had to consider whether I should not have sentenced [Fuente–Kolbenschlag] to the top of the guideline if I had not made the enhancement," we are not willing to speculate as to whether appellant's sentence would have been the same without the enhancement. In our view, that determination is for the district court in the first instance.

ers—except that "[t]he enhancement ... is not intended to apply to someone who merely connects pieces of different notes." *Id.* In our opinion, two important conclusions can be drawn from the Commentary. First, the Sentencing Commission intended the six-point offense level enhancement to apply to all those involved in the manufacture and production of counterfeit items— the genesis of a counterfeiting operation— regardless of any particular skills possessed by the individuals, e.g. the skill of printing counterfeit items. Secondly, it is unreasonable to conclude that the Sentencing Commission did not consider all the particular tasks involved in producing counterfeit items when it provided for the six-point enhancement of guideline 2B5.1(b)(2), because the Commentary specifically excludes from the ambit of the enhancement the task of connecting pieces of different notes. Accordingly, we reject Fuente–Kolbenschlag's argument that the skill of printing counterfeit items is built in to the six-point enhancement of guideline 2B5.-1(b)(2). Since the district court specifically found as a fact that Fuente–Kolbenschlag possessed skill as a printer of counterfeit items, and since that finding is not challenged on this appeal, we conclude that the district court correctly applied guideline 3B1.3 to enhance the base offense level of Fuente–Kolbenschlag's guideline sentence.

Our conclusion is strengthened by the fact that several commentaries to base offense level guidelines throughout the *Sentencing Guidelines* specifically state that an enhancement under guideline 3B1.3 is *not* to be applied. *See, e.g.,* Guideline 2H1.1(b) (Going in Disguise to Deprive of Rights); Guideline 2H1.3(b) (Use of Force or Threat of Force to Deny Benefits or Rights in Furtherance of Discrimination); Guideline 2P1.1(b)(3) (Escape, Instigating or Assisting Escape); Guideline 2T1.4(b)(3) (Aiding, Assisting, Procuring, Counseling, or Advising Tax Fraud). Had the Sentencing Commission intended to exclude the applicability of the special skill enhancement of guideline 3B1.3 from sentences computed under guideline 2B5.1, we must conclude that it would have done so in the

Commentary to the base offense level guideline.

For the reasons stated in this opinion, the judgment of the district court is

AFFIRMED.