UNITED STATES of America, Plaintiff–Appellee,

v.

Augusto DE LA TORRE, Defendant–Appellant.

No. 90–5732

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 7, 1992.

David A. Finger, Levine & Finger, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Kathleen M. Salyer, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON and BIRCH, Circuit Judges.

**1122**

PER CURIAM:

Appellant De La Torre was convicted of possession with the intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Appellant claimed the applicable base offense level for the possession was 24, with a guideline range of 51 to 63 months; the government argued that the offense level was 26, with an applicable guidelines range of 63 to 78 months. The PSI accepted by the court increased De La Torre's offense level from 24 to 26 based on the existence of a firearm in addition to the firearm for which De La Torre was sentenced under section 924(c)(1). At sentencing, the district court made it quite clear that appellant would receive the same sentence regardless of the offense level:

> In either case he would get 63 months with 5 years to be tacked on at the end of it so it strikes me as essentially a non issue although I think you are entitled to a ruling, and I will give you a ruling on the issue.

The court then ruled that the two level enhancement was appropriate and sentenced De La Torre to sixty-three months imprisonment for possession and a consecutive five-year term of imprisonment as required by 18 U.S.C. § 924(c)(1). De La Torre appeals, claiming the two level enhancement improperly increased his sentence.

This court will allow an appeal if the defendant alleges that the guidelines have been incorrectly applied, even in cases where the guideline ranges advocated by both parties overlap. *United States v. Fuente-Kolbenschlag,* 878 F.2d 1377, 1379 (11th Cir.1989). But this court has not established a rule in the context of an appellant who will receive the same sentence regardless of which of two possible guideline levels apply. We now join those circuits that find it unnecessary to resolve a dispute as to which guideline range is applicable when the lower court makes clear the same sentence would have been imposed irrespective of the outcome of the dispute. *See United States v. Willard,* 909 F.2d 780 (4th Cir.1990); *United States v. Dillon,* 905 F.2d 1034 (7th Cir.1990); *United States v. Williams,* 891 F.2d 921 (D.C.Cir.1989); *United States v. Turner,* 881 F.2d 684 (9th Cir.), *cert. denied,* 493 U.S. 871, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989); *United States v. Bermingham,* 855 F.2d 925 (2d Cir.1988). *See also United States v. Urbanek,* 930 F.2d 1512, 1516 (10th Cir.1991) (remand compelled because district court used incorrect offense level and did not make clear during sentencing that sentence would be same under either offense level).

Because we find the lower court made it clear that appellant's sentence would have been 63 months regardless of whether sentencing was pursuant to offense level 24 or 26, we do not decide the factual dispute in issue, and the sentence of the district court is AFFIRMED.