**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rynell LOVINS, Defendant–Appellant.**

**No. 92–6153.**

United States Court of Appeals, Sixth Circuit.

Argued March 25, 1993.

Decided May 26, 1993.

Daniel A. Clancy, U.S. Atty., Frederick H. Godwin, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Memphis, TN, for plaintiff-appellee.

Arthur E. Quinn (argued and briefed), Memphis, TN, for defendant-appellant.

Before: RYAN and SUHRHEINRICH, Circuit Judges; and PECK, Senior Circuit Judge.

RYAN, Circuit Judge.

Defendant Rynell Lovins appeals his sentence for attempted bribery of a law enforcement officer to hinder a federal investigation in violation of 18 U.S.C. § 1512(b)(3), and possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He raises two issues on appeal: 1) whether this court has jurisdiction to review a district court's rejection of a government-recommended sentence in favor of a lengthier sentence within the applicable range provided by the United States Sentencing Guidelines; and 2) assuming appellate jurisdiction, whether the district court erred in imposing a 36–month sentence instead of a 33–month sentence as recommended by the government.

Because we find appellate jurisdiction lacking, we shall dismiss this appeal.

Lovins entered a guilty plea to a two-count information. At his sentencing hearing all participants involved agreed that the offense level under the Sentencing Guidelines was 18, and that the correct criminal history category was III. A guideline range of 33 to 41 months imprisonment was thus provided. Pursuant to a plea agreement with Lovins, the government recommended sentencing at the bottom of the range—33 months. The district court rejected the government's recommendation and sentenced Lovins to 36 months and a period of supervised release, and imposed a special assessment. Lovins appealed.

Obviously, we cannot address Lovins's underlying arguments unless we have proper jurisdiction. Our appellate jurisdiction in this case is defined by 18 U.S.C. § 3742(a), which provides:

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

Several circuit courts have concluded that section 3742 does not create appellate jurisdiction for an appeal from an otherwise valid sentence within the prescribed guideline range. *See, e.g., United States v. Woodrum,* 959 F.2d 100, 101 (8th Cir.1992); *United States v. Garcia,* 919 F.2d 1478, 1482 (10th Cir.1990); *United States v. Porter,* 909 F.2d 789, 794 (4th Cir.1990); *United States v. Pelayo–Bautista,* 907 F.2d 99, 101 (9th Cir. 1990). This court has previously suggested the same result. *See United States v. Sawyers,* 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2895, 115 L.Ed.2d 1059 (1991).

Lovins contends that we have jurisdiction to hear his appeal, though he acknowledges that on comparable facts most circuit courts have held otherwise. He argues that the district court's emphasis on the seriousness of his bribery offense caused the sentence to be "imposed in violation of law" or as an "incorrect application of the sentencing guidelines," thus giving this court jurisdiction to review the sentence. Finally, Lovins maintains that his sentence should be reversed because the district court impermissibly rejected the government's recommended sentence.

Lovins's contention that the district court's sentence constituted legal error because of the court's emphasis on the seriousness of the bribery offense is without merit. Our review of the record and the transcript of the sentencing hearing demonstrates that Lovins is merely challenging a legally valid sentence within the prescribed guideline. Absent a defendant's identification of a specific legal error in the formulation of a sentence, *see*

*United States v. Fuente–Kolbenschlag*, 878 F.2d 1377 (11th Cir.1989), this court has no jurisdiction to review sentences within the guideline range. Lovins does not establish appellate jurisdiction under section 3742.

The appeal is **DISMISSED.**