7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Adam PAYTON, Defendant-Appellant.
 No. 92-6008.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 The defendant, Terry Adam Payton, appeals from the sentence imposed following his guilty plea to one count of distributing cocaine base, and contends that the district court erred in imposing a sentence falling in the middle, rather than at the bottom, of the applicable guidelines range. Because this is not an appealable issue, we shall affirm.
 
 I.
 
 2
 In May 1992, Payton entered a Rule 11 agreement with the government, in which he agreed to plead guilty to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). In return, the government dismissed the remaining count against Payton, and agreed not to oppose a two-level reduction for acceptance of responsibility.
 
 
 3
 The presentence report identified an applicable base offense level of 16, under U.S.S.G. § 2D1.1(c)(16), for distribution of between 500 milligrams and 1 gram of cocaine base. The two-level reduction for acceptance of responsibility resulted in a total offense level of 14; when paired with Payton's criminal history category of II, the resulting range was 18 to 24 months. Payton filed no objections to the presentence report.
 
 
 4
 The district court accepted the report's recommendations, and imposed an imprisonment term of twenty-one months.
 
 
 5
 Payton filed a timely appeal.
 
 II.
 
 6
 Payton argues simply that the district court should only have imposed an eighteen-month sentence, because Payton's behavior was not so reprehensible as to merit a sentence above the bare minimum of the applicable range. Appellate review of federal guideline sentences is, however, limited. 18 U.S.C. § 3742(e); see United States v. Dellinger, 986 F.2d 1042, 1043-44 (6th Cir.1993). This court has, accordingly, recently joined every other circuit to speak to the issue, and held that the court will not review challenges to a legally valid sentence within the prescribed guideline range, "[a]bsent a defendant's identification of a specific legal error in the formulation of a sentence." United States v. Lovins, 993 F.2d 1244, 1245 (6th Cir.1993). Payton has identified no legal error that occurred in the formulation of his sentence. He has, therefore, failed to present us with an appealable issue.
 
 III.
 
 7
 AFFIRMED.