47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Ronald PULLIAM, Defendant-Appellant.
 No. 94-5467.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1995.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant James Ronald Pulliam ("Pulliam") appeals his sentence from the United States District Court for the Western District of Tennessee. For the reasons stated below, we AFFIRM.
 
 I. Statement of the Case
 
 2
 On March 12, 1993, Pulliam robbed Leader Federal Bank in Memphis, Tennessee, at gunpoint. Pulliam held a gun to the head of one teller during most of the robbery. He apparently showed the same teller a fake grenade which he threatened to detonate if she went near the door after he left the bank. Pulliam left the bank with $68,546. Police officers recovered $6,015 of the money after dye packs exploded and Pulliam dropped part of the cash. Pulliam was arrested approximately one month after the bank robbery with approximately $9,400 on his person.
 
 
 3
 On May 25, 1993, a federal grand jury returned a four-count indictment against Pulliam. Count 1 charged Pulliam with armed bank robbery of approximately $68,546, in violation of 18 U.S.C. Sec. 2113(a) and (d). Count 2 charged him with carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c). Count 3 charged him with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g). Count 4 charged him with attempted escape, in violation of 18 U.S.C. Sec. 751.
 
 
 4
 Pulliam pled guilty to Counts 1, 2, and 3 of the indictment. Count 4 was dismissed pursuant to a plea agreement. The presentence report calculated the base offense level for Pulliam at 34 pursuant to the Armed Career Criminal Act[1] ("ACCA") based on his conviction on Count 3, felon in possession of a firearm. The qualifying prior convictions were robbery, sentence imposed on November 14, 1960; criminal attempt to commit burglary, sentence imposed on August 11, 1971; and aggravated assault, sentence imposed May 31, 1988. The presentence report recommended Pulliam be assigned a criminal history category of VI.
 
 
 5
 Prior to sentencing Pulliam filed objections to the presentence report to which the government filed a response on February 1, 1994. At the sentencing hearing, on February 3, 1994, Pulliam requested a three-level downward adjustment for acceptance of responsibility and challenged the validity of his three prior convictions. The district court agreed to grant the downward adjustment for acceptance of responsibility but ruled a hearing to determine the validity of past convictions was inappropriate in this case.
 
 
 6
 The sentencing guidelines range for a base offense level of 31 in criminal history category VI is 188 to 235 months. The district court sentenced Pulliam to concurrent terms of 220 months imprisonment on Counts 1 and 3 and a consecutive term of 60 months imprisonment on Count 2 for a total term of 288 months, followed by five years supervised release.
 
 II. Discussion
 
 7
 Pulliam argued on appeal the district court erred by 1) refusing to hold a hearing on Pulliam's challenges to the three prior convictions which served as bases for sentencing under the ACCA and 2) sentencing him to a term of 220 months for Counts 1 and 3.
 
 A. Prior Convictions Challenge
 
 8
 Pulliam argued his three prior convictions should not have been considered for purposes of enhancing his sentence under the ACCA because he was not advised of and did not knowingly waive the three Boykin rights. In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court established the standards for determining the validity of guilty pleas. The Boykin Court held the record must show the defendant knowingly and willingly waived his privilege against compulsory self-incrimination guaranteed under the Fifth Amendment, his right to trial by jury, and his right to confront his accusers when he accepted the plea. Id. at 242-43.
 
 
 9
 The Supreme Court, however, has narrowed the circumstances under which a court may review the validity of guilty pleas in prior convictions. The issue of whether a defendant may challenge a prior conviction used to enhance his sentence under the ACCA is directly addressed in Custis v. United States, 114 S.Ct. 1732 (1994). In Custis, the Supreme Court stated
 
 
 10
 We granted certiorari to determine whether a defendant in a federal sentencing proceeding may collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA. We hold that a defendant has no such right (with the sole exception of convictions obtained in violation of the right to counsel) to collaterally attack prior convictions.
 
 
 11
 Id. at 1734. Although Pulliam urges this court to follow Justice Souter's dissent, this court is bound to follow the holding of the majority of the Supreme Court. Under Custis, Pulliam has no right to challenge prior convictions during a federal sentencing hearing except where the right to counsel has been denied. The district court did not err in refusing to hold a hearing on Pulliam's challenges to his prior conviction or in sentencing Pulliam as an armed career criminal.
 
 
 12
 B. Sentencing Within the Applicable Guidelines
 
 
 13
 Pulliam argues the district court erred by sentencing him to a 220 month term of imprisonment because that term was greater than necessary. Pulliam cites 18 U.S.C. Sec. 3553(a) which states "[t]he Court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph 2 of this subsection." Pulliam also cites a statement by the district court judge during the sentencing hearing that he "normally pick[s] a sentence right in the middle and then [tries] to decide whether ... to go up or down from there." He argues the judge should impose only a "sufficient" sentence and that his statement was an improper assumption on how to apply the guidelines.
 
 
 14
 These arguments by Pulliam are frivolous. A sentence within the appropriate guidelines is not appealable. United States v. Lovins, 993 F.2d 1244, 1245 (6th Cir.1993). Pulliam does not dispute that, given the determination he is an armed career criminal, the appropriate guideline range is level 31, criminal history category VI. Pulliam was sentenced within the appropriate guidelines and thus the district court did not err.
 
 III. Conclusion
 
 15
 For the reasons stated above, we AFFIRM the sentence rendered by the Honorable Jerome Turner, United States District Judge for the Western District of Tennessee, Western Division.
 
 
 
 [1]
 The Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), provides in part:
 (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.