47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jay Steven KAMEN, Defendant-Appellant.
 No. 94-6180.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: RYAN and SILER, Circuit Judges; and MILES, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Jay Steven Kamen challenges the district court's imposition of a sentence of six months imprisonment and $27,500 in restitution in connection with one count of making a false statement in violation of 18 U.S.C. Sec. 1010.
 
 
 2
 For the reasons stated herein, we affirm the decision of the district court.
 
 I.
 
 3
 Kamen pleaded guilty to one count of making a false statement in violation of 18 U.S.C. Sec. 1010. This false statement was made in connection with a draw request on a loan agreement between the State of Tennessee and defendant, as the representative of his company, General Spring & Wire Co., Inc. By letter, Kamen agreed to plead guilty to the count of the indictment conditioned on the government's recommending probation. The plea was further conditioned on the trial court's acceptance of the following stipulations: 1) the crime charged did not take more than a minimal amount of planning; 2) the loss for the purposes of guideline calculations was $27,500; 3) defendant cooperated with the government during the investigation; and 4) defendant's company satisfied the loan's other requirements.
 
 
 4
 On May 16, 1994, the district court held a hearing regarding defendant's plea. Defendant stated that he understood the appropriate Guidelines range for his crime, that the court would impose the sentence only after receiving the presentence report, that the recommendation of probation was not binding on the court, and that defendant would not be allowed to withdraw his conditional plea if the sentence imposed is different from the estimate. The court then read the stipulated facts into the record and reserved sentence upon receipt of the presentence report.
 
 
 5
 The presentence report determined that the State of Tennessee suffered an actual loss of $178,976.00. In consideration of this amount, the probation officer recommended that the court impose $74,206.43 in restitution. He also calculated that the Guidelines range for the higher amount was zero to eight months, and zero to six months if the court accepted the $27,500 amount as stipulated.
 
 
 6
 Upon receiving the report, the district court held a second hearing, in which it accepted defendant's plea and the stated stipulations, and sentenced defendant to eight months in prison and $74,206.43 in restitution. After defendant objected to the term of imprisonment, the court reduced the sentence to six months, with the same restitution. Several days later, defendant filed a motion to reduce sentence or, in the alternative, reject the plea agreement and order a trial. The district court granted the motion in part, reducing the restitution to $27,500, as stipulated.
 
 II.
 
 7
 It is well-settled law in this circuit that a defendant may only appeal (1) a sentence imposed in violation of the law, (2) a sentence imposed as a result of an incorrect application of the Guidelines, or (3) an upward departure from the Guidelines. United States v. Lively, 20 F.3d 193, 196 (6th Cir.1994); United States v. Smith, 918 F.2d 664, 667 (6th Cir.1990), cert. denied, 498 U.S. 1125 (1991).[1] Kamen concedes that the district court sentenced him within the Guideline range, although Kamen claims that the court abused its discretion in doing so. Defendant makes a number of arguments relating to the validity of his sentence.
 
 
 8
 First, defendant claims that the initial errors made by the district court in imposing the original sentence "tainted" the sentencing proceedings and, thus, defendant's current sentence. This argument is without merit, however, as defendant's current sentence is, as defendant concedes, within the Guidelines range of zero to six months. Any error initially committed by the district court was therefore corrected when the court reduced the term of imprisonment to six months and the restitution to the amount of admitted loss.
 
 
 9
 Next, defendant contends that the district court abused its discretion in failing to impose probation in accordance with the government's recommendation. In connection with this, he argues that the district court was resolved to sentence defendant to the maximum prison term allowable "regardless of the facts presented to the court in the presentence investigative report favorable to Mr. Kamen." This court is without jurisdiction to consider these claims, however, as defendant is not arguing that the district court imposed a sentence in violation of the law. United States v. Lovins, 993 F.2d 1244, 1245 (6th Cir.1993). Rather, defendant only contends that the district court abused its discretion in not imposing a more lenient sentence. "Absent a defendant's identification of a specific legal error in the formulation of a sentence ... this court has no jurisdiction to review sentences within the guideline range." Id. at 1245-46. That is, this court has no jurisdiction over appeals that argue only that a "district court abused its discretion in imposing an otherwise valid sentence within the applicable Guideline range." Lively, 20 F.3d at 199; see also Lovins, 993 F.2d at 1245. Finally, defendant offers no evidence that the court refused to exercise its discretion or was not aware of its discretion. United States v. Russell, 870 F.2d 18, 19 (1st Cir.1989). Without proof of this type, this court will not consider these issues.
 
 
 10
 Even if these issues were appealable, defendant's contentions are without merit. As to the probation recommendation, defendant was fully informed that the government was only recommending probation. The court was not bound to follow the recommendation. Fed.R.Crim.Pro. 11(e)(1)(B). A district court need not state its reasons for selecting a sentence if the sentence chosen is within the appropriate guideline range and the guideline does not exceed 24 months. United States v. Duque, 883 F.2d 43, 44 (6th Cir.1989).
 
 
 11
 Finally, as a separate argument, defendant contends that the district court abused its discretion in failing to impose probation "notwithstanding the statutory preference for probation." The only "statutory preference" he cites, however, is 28 U.S.C. Sec. 994(j) that provides that probation is appropriate in first offender, non-violent crime, cases. Defendant seems to argue, much like the defendant in Lively, that the district court failed to consider congressional mandates. Lively, 20 F.3d at 196. As such, defendant argues that his sentence was imposed in violation of law, which this court reviews for an abuse of discretion. Id. at 196-97. Upon review, however, this court finds defendant's argument to be unpersuasive. As the Lively court noted, the Guidelines themselves implicitly take into account congressional mandates. Id. at 198. As the district court in Lively imposed only one of several options permitted by the Guidelines, no error was evident. Id. Likewise, the present district court merely imposed a sentence within the permissible range. For this reason, this court concludes that the district court at least implicitly considered the congressional mandates regarding the use of probation and, therefore, did not abuse its discretion in sentencing defendant to a term of imprisonment.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 In contrast, defendant cites a pre-Guidelines case for the proposition that this court may review a sentence for gross abuse of discretion by the sentencing judge. See United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982). Considering the date of the Barbara decision and the changes made in the law subsequent to the case, we find Barbara to be inapplicable