51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Martin MCCOY, also known as James Martin, Defendant-Appellant.
 No. 94-6150.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and JOINER, District Judge.*
 
 ORDER
 
 2
 James Martin McCoy, a federal prisoner, appeals the sentence imposed upon remand following his conviction on four counts of knowingly possessing stolen motor vehicles in violation of 18 U.S.C. Sec. 2313 and one count of knowingly possessing stolen property valued in excess of $5,000 in violation of 18 U.S.C. Sec. 2315. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 McCoy pleaded guilty to the charges described above and was sentenced on June 1, 1993, to 48 months in prison, three years of supervised release, and restitution in the amount of $11,199.33. This sentence represented an upward departure from the applicable guidelines sentencing range of 33 to 41 months, based upon a total offense level of 14 and a criminal history category of V. Because the district court relied in part upon improper factors in departing upward, a panel of this court vacated the district court's judgment and remanded the case for resentencing in an unpublished order. United States v. McCoy, No. 93-5806 (6th Cir. Jan. 24, 1994). On remand, the judge to whom the case was reassigned conducted a resentencing hearing on August 25, 1994. At that time, the judge declined to depart upward from the applicable sentencing range, but resentenced McCoy to the maximum of 41 months in prison on each count (concurrent), three years of supervised release, and $11,199.33 restitution.
 
 
 4
 McCoy's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel found no meritorious issues for appeal, he presented the following for review: (1) the application of the sentencing guidelines violated the defendant's Fifth and Eighth Amendment rights, (2) the district court denied McCoy a fair sentencing hearing by denying him a chance to argue for a sentence lower than the guideline range or less than the maximum of the guideline range, and (3) grounds existed for downward departure. McCoy was informed that he had 21 days in which to file a supplemental brief; however, none has been received by the court.
 
 
 5
 Upon review, we grant counsel's motion to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment on remand because the district court resentenced McCoy within the applicable guidelines sentencing range. Unless the defendant identifies a specific legal error in the formulation of his sentence, this court has no jurisdiction to review a sentence within the appropriate guideline range. United States v. Lovins, 993 F.2d 1244, 1245-46 (6th Cir.1993). No such specific legal error has been identified in this case.
 
 
 6
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on August 25, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation