57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellant
v.
Karen Lore JAGER, Defendant-Appellee
 No. 94-2202.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 Before: BOGGS, BATCHELDER, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Karen Lore Jaeger appeals her sentence for one count of conspiracy to commit bank fraud in violation of 18 U.S.C. Secs. 1371 and 1344. For the reasons stated below, this Court dismisses the appeal.
 
 I.
 
 2
 Pursuant to a plea agreement on July 13, 1994, Jaeger entered a plea of guilty to one count of conspiracy to commit bank fraud. The maximum statutory penalty for this crime is five years imprisonment; and/or a fine of $250,000.00; a mandatory special assessment of $50.00; and not more than three years of supervised release.
 
 
 3
 Under the sentencing guidelines, the adjusted offense level for Jager's conspiracy was 6. Because Jager had no prior criminal history points, her criminal history level was I. All parties at the sentencing hearing agreed that the applicable sentencing guideline range was from zero to six months incarceration.
 
 
 4
 The trial court judge sentenced Jager to six months incarceration at a community sanctions center, two years of supervised release, mental health and substance abuse counseling, restitution of $6,500, and a mandatory special assessment of $50. The trial court judge waived any fine due to Jager's inability to pay. The only statement provided by the judge regarding the sentence was that "the violation will require obviously some confinement [for the] protection of society, but should as well have a very important rehabilitative aspect to it." (J.A. 36).
 
 II.
 
 5
 Appeals of sentences are governed by 18 U.S.C. Sec. 3742(a), which provides,
 
 
 6
 A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 
 
 7
 (1) was imposed in violation of law;
 
 
 8
 (2) was imposed as a result of an incorrect application of the sentencing guideline; or
 
 
 9
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
 
 
 10
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 
 
 11
 This court has been clear in its interpretation of Sec. 3742. "Absent a defendant's identification of a specific legal error in the formulation of a sentence, this court has no jurisdiction to review sentences within the guideline range." United States v. Lovins, 993 F.2d 1244, 1245-6 (6th Cir.1993) (citation omitted).
 
 III.
 
 12
 In this case, Jager appeals her sentence, claiming that it was an abuse of discretion for the trial court to have sentenced her at the highest end of the guidelines. Because a guideline range exists for the crime to which Jager plead guilty, and because the sentence imposed by the trial court judge was not in violation of the law or in excess of the guideline range, the only basis on which Jager could seek relief would be the possibility that the trial court judge incorrectly applied the guidelines. See Sec. 3742(a).
 
 
 13
 The only statement provided by the sentencing judge was that "the violation will require obviously some confinement [for the] protection of society, but should as well have a very important rehabilitative aspect to it." (J.A. 36). From this statement, this Court cannot conclude that the sentencing judge erroneously believed that every violation of Sec. 1371 requires the imposition of the maximum guideline sentence of six months incarceration. Rather, we find that the judge appropriately considered the particulars of this case and imposed a sentence within the guidelines range. Accordingly, this Court is without jurisdiction to consider the specific sentence imposed. See 18 U.S.C. Sec. 3742(a); Lovins, 993 F.2d at 1246.
 
 IV.
 
 14
 In sum, the district court is affirmed and the appeal is DISMISSED.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation