**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rector Zander HOLLAND,**
**Defendant–Appellant.**

**No. 01–5175.**

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

Rector Zander Holland pleaded guilty to conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. On January 24, 2001, Holland was sentenced to seventy-one months of imprisonment and four years of supervised release (entered 1/29/01). It is from this judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Holland does not dispute the validity of his conviction or guilty plea. Moreover, it is undisputed that the applicable sentencing guideline range was fifty-seven to seventy-one months.

Holland now argues that the district court abused its discretion by imposing a sentence at the high end of the applicable guideline range because he had no criminal history, because he was forty-seven years old, and because the amount of drugs attributed to him was close to the minimum necessary to qualify for his offense level. This argument is unavailing because Holland has not identified a specific legal error regarding the calculation of his sentence and because that sentence fell within the applicable guideline range. *See United States v. Lively*, 20 F.3d 193, 199 (6th Cir.1994); *United States v. Lovins*, 993 F.2d 1244, 1245–46 (6th Cir.1993).

Holland also argues that the district court failed to give an adequate explanation for the sentence that it imposed. This claim fails because he was sentenced within the applicable guideline range and that range did not exceed twenty-four months. Hence, the court was not required to give specific reasons for the sentence that it imposed. *See Lively*, 20 F.3d at 198;

*United States v. Duque*, 883 F.2d 43, 44–45 (6th Cir.1989). Moreover, the court adequately explained that Holland's sentence was intended to protect the public and to reflect the seriousness of his offense. *See United States v. Washington*, 147 F.3d 490, 491–92 (6th Cir.1998); *Lively*, 20 F.3d at 198–99.

Accordingly, the district court's judgment is affirmed.