**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clyde Lee LYON, also known as Clyde Lyons, Defendant–Appellant.**

**No. 01–5977.**

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Clyde Lee Lyon, also known as Clyde Lyons, pleaded guilty to mail and wire fraud. *See* 18 U.S.C. §§ 1341 *and* 1343. On July 23, 2001, he was sentenced to fifty-six months of imprisonment and five years of supervised release. Lyon's appeal from that judgment has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

We review the district court's legal conclusions *de novo* and examine its factual findings for clear error. *See United States v. Henderson,* 209 F.3d 614, 617 (6th Cir. 2000). Moreover, Lyon did not raise most of his claims at sentencing and he must show that these claims involve plain error that affects his substantial rights. *See United States v. Krimsky,* 230 F.3d 855, 858 (6th Cir.2000).

Lyon first argues that the district court committed plain error by basing his criminal history score on a 1985 theft-by-deception conviction that was more than ten years old. *See generally* USSG § 4A1.2(e) (2000). However, this argument is moot because the sentencing court agreed that it would not consider this conviction in calculating his criminal history.

Lyon argues that he was assigned two criminal history points based on a mistaken finding that he had been convicted of writing checks on closed accounts, when the checks were written on open accounts that contained insufficient funds. *See generally* USSG § 4A1.2(c)(1) (2000). He has submitted documentary support for this argument. However, these documents were not part of the district court record and we will not consider them for the first time on appeal. *See* Fed. R.App. P. 10(a). Moreover, the documents do not directly refute the presentence report, which expressly indicates that Lyon pleaded guilty to writing the disputed checks on closed accounts.

Lyon argues that the district court committed plain error by assigning him a criminal history point for twenty prior theft-by-deception offenses, as those charges were ultimately dismissed by the state court. He attempts to support this claim with a document that is not properly before this court because it was not included in the district court record. *See id.* We note, nonetheless, that the document is arguably consistent with the presentence report, as it indicates that Lyon received a sentence

of 124 days, which was dismissed on the condition that he pay restitution and cooperate in the prosecution of another individual. *See* USSG §§ 4A1.2(a)(3) *and* 4A1.2(f) (2000).

Lyon argues that his offense level should not have been enhanced by two points for the use of special skills under USSG § 3B1.3, because it was also enhanced for the use of more than minimal planning under USSG § 2F1.1(2). This argument is unavailing because Lyon signed a plea agreement which plainly indicated that each of these enhancements would apply. Furthermore, the application of both enhancements did not involve impermissible double counting. *See United States v. Berridge*, 74 F.3d 113, 118 (6th Cir.1996).

Finally, Lyon argues that the court committed plain error by sentencing him at the high end of the guideline range, when the prosecutor had promised not to argue for a such a sentence. However, the alleged promise was not contained in the plea agreement and that agreement states that the "United States has not made any other promises to the Defendant." We also lack jurisdiction to review this claim, as it is not based on a specific legal error and Lyon's sentence fell within the applicable range. *See United States v. Lovins*, 993 F.2d 1244, 1245–46 (6th Cir.1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.