**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Derrico MOODY, Defendant–Appellant.**

No. 01–6083.

United States Court of Appeals,
Sixth Circuit.

Oct. 29, 2002.

Before SILER and MOORE, Circuit Judges; and McKINLEY, District Judge.*

*ORDER*

This is a direct appeal from a judgment of conviction in which the only issue raised goes to the legality of the guideline sentence. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Derrico Moody pleaded guilty to, and was found guilty of, possession with intent to distribute approximately 25 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute approximately 1300 grams of marijuana, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Moody to concurrent prison sentences of 220 and sixty months and a four year period of supervised release. This appeal followed.

On December 6, 2000, drug task force officers were conducting an automobile surveillance of Moody as he drove the streets of Memphis, Tennessee. The officers observed Moody commit several traffic violations; then they saw Moody and another individual engage in actions consistent with drug trafficking. The officers approached Moody's parked car and asked him to disembark. Moody left his car and began to struggle with the officers so violently that one of the officers used pepper spray to subdue Moody. The officers subsequently found crack cocaine, marijuana and drug paraphernalia after searching Moody and his dwelling. Moody was thereafter indicted for the counts of conviction, and he agreed to plead guilty to the indictment. The district court accepted the plea and set the matter over pend-

---

\* The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

ing completion of a pre-sentence investigation report.

The parties met for sentencing following the completion of the pre-sentence report. The report included, in part, a detailed record of Moody's extensive juvenile criminal history, although the district court did not use any of these juvenile offenses to calculate the base offense level or Moody's criminal history category. The district court ultimately set the base offense level for the drug distribution count at twenty-five and assigned Moody a criminal history category of VI. Neither party registered an objection to these calculations or to the resulting guideline range of 188–235 months imprisonment. The district court then made the following observations aloud while deciding on the appropriate sentence within the agreed-upon guideline range.

What we do look to in determining where you should be sentenced within the range often is what is your likelihood of committing crimes in the future. Are you likely to do it or not likely to do it, based on the evidence that we have and the records that we have. And, are you a danger to society? Have you done things that put other people at risk?

And those are very important factors in determining placement him [sic] within the range. And unfortunately, in your case, they work against you in a pretty significant way. You had a fight with the officers. Well, that's bad, but sometimes that happens. And we might not give that as much weight as I may in this case except for the fact that that seems to be supported as a pattern of conduct by the other cases in which you have been convicted.

Than's why I made reference earlier to the fact that in your criminal history, including your juvenile criminal history, you almost always resisted; and that increasingly puts officers at risk. And that's an important factor.

I don't think that it makes much difference about what happened when you were 13. It is true in Paragraph 26 that you were apprehended after a short foot chase and that .1 grams of crack cocaine was recovered. And it did test positive, but you were 13. I don't give that much—it doesn't have much weight at all.

But. when we look at what happened when you were 14. Well, once again, when you were apprehended in possession of a controlled substance, there was a foot chase. There was some marked money in the buy. The purchased crack cocaine was, again, .1 grams. It starts to have a little bit of importance.

Age 16, well, in that case, Paragraph 28, you jumped from the car, ran into the house. And while chasing you, the officer observed you hide a plastic baggy behind the picture hanging on the wall and slide a gun under a mattress. You were apprehended, and the gun and the bag were recovered.

Age 16, it is starting to have more probative value as to what you are likely to do in the future.

They recovered 1.8 grams of crack cocaine and a .38 Smith and Wesson and $260. Well, if you didn't have anything else, this probably wouldn't have any effect.

The district court then reviewed the facts in some of Moody's adult convictions, facts that demonstrated Moody's tendency to commit offenses that involved illegal drugs and violence, or the threat of violence, to his victims and others, and the court clearly expressed its concern that Moody's sentence should reflect his danger to society.

It is necessary to protect society from you because of your likelihood of com-

mitting further crimes in the future, and because of your great propensity to violence, which is reflected fully in this record and by the testimony of the officers in this case.

The court entertained comments from Moody and his counsel. Moody's counsel did comment on the sentence, but at no time did counsel or Moody express an objection to the district court's recitation and consideration of Moody's juvenile record in determining the sentence to be meted out from the guideline range. The court then proceeded to sentence Moody to the punishment of record.

On appeal, counsel for Moody offers one issue for review, namely, whether the district court's "consideration" of Moody's juvenile offenses when deciding on the appropriate sentence was error under 18 U.S.C. § 3553(a).

Counsel for the United States argues initially that this court is without jurisdiction to consider Moody's appellate issue, as Moody is not arguing that the district court imposed a sentence in violation of the law. An examination of the record and law supports this argument. The parties agreed in the district court, and do not disagree in this court, that Moody was sentenced using the correct base offense level and criminal history category. Thus, counsel for Moody is arguing only that the district court committed an error in fashioning Moody's sentence within the proper guideline range. This court has no jurisdiction over appeals that argue only that a "district court abused its discretion in imposing an otherwise valid sentence within the applicable Guideline range." *United States v. Lively*, 20 F.3d 193, 199 (6th Cir.1994). *Accord United States v. Lovins*, 993 F.2d 1244, 1245, 1245–46 (6th Cir.1993) ("Absent a defendant's identification of a specific legal error in the formulation of a sentence … this court has no jurisdiction to review sentences within the guideline range."). This court lacks jurisdiction to entertain the error alleged.

Accordingly, the appeal is dismissed.