[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10982
Non-Argument Calendar

_____

D. C. Docket No. 05-00007-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAM BRADLEY DOUGLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 18, 2006)

Before CARNES, PRYOR  and FAY, Circuit Judges.

PER CURIAM:

Sam Bradley Douglas pled guilty to possession of a listed chemical with intent to manufacture a controlled substance in violation of 21 U.S.C. § 841(c)(1). He appeals his 151-month sentence, arguing that the district court improperly calculated his offense level and criminal history category under the Sentencing Guidelines. For the reasons set forth more fully below, we affirm.

**I. Obstruction of justice and acceptance of responsibility adjustments**

The district court applied an obstruction of justice enhancement under U.S.S.G. § 3C1.1 and denied Douglas's requested reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 based on Douglas's attempt to escape from jail. Douglas argues that it was fundamentally unfair for the district court to make such findings where he had accepted the government's offer for a 110-month sentence, but that offer was later "'yanked' from the table." Douglas also challenges the district court's finding that he did attempt to escape. He further argues that there was insufficient indicia of reliability to support his involvement in the alleged escape attempt under U.S.S.G. § 6A1.3.

For an obstruction of justice enhancement, we review the district court's findings of fact for clear error and the application of the Guidelines to those facts de novo. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). We review the denial of an adjustment for acceptance of responsibility for clear error. United

2

States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005). Where the defendant fails to raise a specific objection before the district court, we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Under this standard of review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. If these three conditions are met, we may notice the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation marks omitted). In order for an error to be plain, it must be obvious or clear under current law. United States v. Baker, 432 F.3d 1189, 1207 (11th Cir. 2005), cert. denied, 126 S.Ct. 1809 (2006).

> The Guidelines provide for a two-level increase in the offense level
>
> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense . . . .

U.S.S.G. § 3C1.1. The commentary lists attempting to escape from custody before trial or sentencing as an example of conduct warranting this enhancement. Id., comment. (n.4(e)); see also United States v. Frasier, 381 F.3d 1097, 1099-1100 (11th Cir. 2004) (upholding the district court's obstruction of justice enhancement based on the defendant's attempted escape).

3

The Guidelines also provide for a two-level reduction in the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). If a defendant qualifies for this two-level reduction, he may be eligible for an additional one-level reduction. U.S.S.G. § 3E1.1(b). Conduct resulting in an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Id., comment. (n.4).

The district court is obligated to calculate the Guidelines range correctly, United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005), and is not bound by the parties' stipulation of facts, U.S.S.G. § 6B1.4(d); see also United States v. Forbes, 888 F.2d 752, 754-55 (11th Cir. 1989) (holding that the district court did not clearly err in denying defendant a minor-role adjustment despite stipulation by parties that he should receive a minor-role reduction). Accordingly, Douglas's argument that his Guideline range should have been altered based on his alleged agreement with the government fails.

In finding that Douglas attempted to escape, the district court relied on information provided by the probation officer that Douglas gave a signed voluntary statement to a Deputy U.S. Marshal, which stated, in pertinent part,

> Alex said he had the hole [in the duct work] big enough that I could go in there. I entered the room but I could not climb up the wall to the

4

duck (sic). I might have hurt my foot when I attempted to climb the wall. I could not reach the top of the wall. Three times I attempted to climb up the wall, I grabbed the pipes and could never lift myself up to the top of the wall. . . . I made a hammer out of a piece of steel and a ballpoint pen. The tools were kept under my mattress to start with. Cecil said that "Benie," his girlfriend, would pick us up.

Based on this statement, the district court's finding that Douglas attempted to escape was not clearly erroneous. Accordingly, the district court did not clearly err in denying an adjustment for acceptance of responsibility or enhancing Douglas's offense level for obstruction of justice.

Because Douglas argues that there was an absence of sufficient indicia of reliability to support his involvement in the alleged escape attempt under § 6A1.3 for the first time on appeal, his claim is reviewed for plain error. Rodriguez, 398 F.3d at 1298. Section 6A1.3 permits the district court, when resolving disputed factual issues at sentencing, to "consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s. Offered against him at trial, a defendant's prior statement is admissible non-hearsay, Fed.R.Evid. 801(d)(2), and it is unclear why Douglas believes there was insufficient indicia of reliability. Furthermore, Douglas makes no attempt to show how the alleged error was plain or affected his substantial rights. Accordingly, Douglas cannot establish plain error.

## II. Criminal history category

The district court found that Douglas had 12 criminal history points for a criminal history category of V. Among the points the district court assigned were: (1) one point for a suspended license conviction arising from a December 10, 1994, arrest at a traffic stop for an apparent headlight violation; (2) one point for convictions for marijuana possession and a suspended license arising from a December 11, 1994, arrest at a traffic stop due to an apparent equipment violation; (3) three points for a theft by taking conviction for which Douglas was initially sentenced to probation, but his sentence later was modified twice to include periods of confinement in a probation detention center when he violated the conditions of his probation; and (4) one point because Douglas committed the instant offense less than two years after he was released from custody on the theft by taking conviction. Douglas argues that the convictions arising from the two traffic stops in December 1994 were related cases because they were consolidated for trial or sentencing and, therefore, should be assigned one criminal point total, instead of two. Douglas also argues that his restriction at a probation center does not qualify as a sentence of imprisonment under U.S.S.G. § 4A1.2, comment. (n.2), and, therefore, he erroneously received three points for his theft by taking

conviction and one criminal history point for committing the instant offense within two years of his release from confinement. As a result, Douglas contends that he should have received a criminal history category of IV based on eight criminal history points.

We review a district court's application of the Guidelines to the facts <u>de novo</u>. <u>Massey</u>, 443 F.3d at 818. Sentences in related cases are treated as one sentence under U.S.S.G. § 4A1.1(a)-(c). <u>See</u> U.S.S.G. § 4A1.2(a)(2).

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (<u>i.e.</u>, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

<u>Id.</u>, comment. (n.3). Douglas's sentence for a suspended license conviction is not related to his sentences for a second suspended license conviction and a marijuana possession conviction because Douglas was arrested on separate days for these offenses. Therefore, the district did not err in treating the first conviction as unrelated.

In calculating a defendant's criminal history, a prior "sentence of imprisonment"[1] exceeding one year and one month is assigned three criminal

---

[1] "Sentence of imprisonment" is defined as "a sentence of incarceration." U.S.S.G. § 4A1.2(b)(1). It does not include probation, residency in a halfway house, or confinement in a

history points. U.S.S.G. § 4A1.1(a). Commission of the instant offense less than two years after release from imprisonment on a sentence counted under § 4A1.1(a) results in additional criminal history points. U.S.S.G. § 4A1.1(e). We do not reach the remaining issue of whether confinement to a probation detention center is a "sentence of imprisonment" for the purposes of § 4A1.1 because the district court stated that, if it was incorrect as to this issue, it would impose the same sentence. United States v. De La Torre, 949 F.2d 1121, 1122 (11th Cir. 1992) (holding that it is "unnecessary to resolve a dispute as to which guideline range is applicable when the lower court makes clear the same sentence would have been imposed irrespective of the outcome of the dispute.").

In light of the foregoing, the district court is affirmed.

**AFFIRMED.**

---

community treatment center. U.S.S.G. § 4A1.1, comment. (backg'd.); United States v. Pielago, 135 F.3d 703, 712-13 (11th Cir. 1998).