[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10502
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00338-TCB-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL RAFAEL ORTIZ-CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 17, 2011)

Before BARKETT, HULL and PRYOR, Circuit Judges

PER CURIAM:

Manuel Rafael Ortiz-Cruz appeals his 60-month sentence of imprisonment

for illegal reentry into the United States following a previous deportation, in

violation of 8 U.S.C. § 1326(a) and (b)(2).  Ortiz-Cruz raises two issues on appeal.

First, Ortiz-Cruz argues that the district court imposed a procedurally unreasonable sentence by assigning one criminal history point to a prior, uncounseled misdemeanor conviction for driving under the influence ("DUI"). Second, Ortiz-Cruz argues that, because the government failed to establish by a preponderance of the evidence that Ortiz-Cruz was on probation when he committed the present reentry offense, the district court imposed a procedurally unreasonable sentence by assigning two additional criminal history points under U.S.S.G. § 4A1.1(d).

The government responds that the district court did not misapply the Sentencing Guidelines by imposing the three contested criminal history points. The government further contends that, even if the district court did err, any resulting error was harmless based on the district court's explicit statement that it would impose the same sentence of imprisonment absent the three contested criminal history points.

It is "unnecessary to resolve a dispute as to which guideline range is applicable when the lower court makes clear the same sentence would have been imposed irrespective of the outcome of the dispute." United States v. De La Torre, 949 F.2d 1121, 1122 (11th Cir. 1992). If "the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the

2

record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992). "Where a district judge clearly states that he would impose the same sentence, even if he erred in calculating the guidelines, then any error in the calculation is harmless." United States v. Barner, 572 F.3d 1239, 1248 (11th Cir. 2009).

We agree with the government that we need not resolve the two issues raised by Ortiz-Cruz, because the district court made clear that it would have imposed the sentence of 60 months' imprisonment regardless of whether the 3 contested criminal history points were counted, and therefore any error was harmless. Accordingly, we affirm Ortiz-Cruz's sentence of 60 months' imprisonment.

**AFFIRMED.**