UNITED STATES of America, Plaintiff–Appellee,

v.

Ricky FOSTER, Defendant–Appellant.

No. 88–4483
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 20, 1989.

Gordan N. Blackman, Jr., Shreveport, La., court appointed, for defendant-appellant.

Antonia G. Darling, William J. Flanagan, Joseph S. Cage, Jr., U.S. Attys., Shreveport, La., for plaintiff-appellee.

Before REAVLEY, JONES and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Ricky Foster pleaded guilty to photographing federal reserve notes with the intent to counterfeit in violation of 18 U.S.C. § 474. He appeals his sentence under the sentencing guidelines. Because the district court improperly applied the guidelines to its factual findings, we reverse and remand for resentencing.

Foster's constitutional challenge to the sentencing commission and sentencing guidelines is rejected. *U.S. v. Mistretta,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

■ Foster also challenges the district court's application of the guidelines. This Court will uphold the district court's sentence so long as it results from a correct application of the guidelines to factual findings which are not clearly erroneous. *See* 18 U.S.C. § 3742(d); *U.S. v. Mejia–Orosco,* 867 F.2d 216, 221 (5th Cir.1989); and *U.S. v. Sarasti,* 869 F.2d 805, 806 (5th Cir.1989). Foster contests the two-level upward adjustment for the use of "a special skill in a manner that significantly facilitated the commission ... of the offense" under § 3B1.3.

■ The district court found that Foster possessed a special skill that required substantial training in his knowledge of printing. In view of the testimony of Foster's employer that work with a printing press required a high level of technical skill, the finding is correct.

The guideline also requires, however, that the special skill be used in a manner

that facilitated commission or concealment of the offense. Sentencing Guidelines § 3B1.3. Defendant maintains that he was charged with photographing federal reserve notes, not printing them, and that emphasis on printing skills—not necessary to photographing—was misplaced. Among the district court's conclusions were the following statements:

> [I]t does in fact require substantial training in order to be able to produce a successful appearing currency of the United States.... [I]t takes four colors separated into negatives and when those four negatives are used to print they have got to be in perfect registration or you'll see it. I couldn't do it.

R. 2, 27. There was no evidence that Foster possessed any special skill in photographing. The district court nevertheless increased the sentence for use of special skills required to print counterfeit notes, even though such skills were not used in concealment or commission of the offense to which Foster pleaded guilty.

We note that the commentary to § 3B1.3 conflicts with the guideline on this point: the commentary would allow consideration of use of a special skill to facilitate the commission of "a crime"—not necessarily the offense charged. In accordance with the guideline, however, we will not uphold a two-point increase unless such a skill is used to facilitate commission or concealment of "the offense"—the one charged in the indictment—and not any other crime or crimes that may have been revealed during pre-sentence investigation. We believe this interpretation is consistent with the policy statement by the commission that it abandoned efforts to devise a "real offense" system and has moved closer to a "charge offense" system. Sentencing Guidelines' Policy Statement § 1A4(a).

Accordingly, we hold that the district court erred because the printing skill was not used in connection with the offense charged. In view of our holding, Foster's second argument that the enhancement for use of the "special skill" was improper because the skill was encompassed in the "specific offense" is moot.

Because the district court incorrectly applied the guideline, the sentence of the district court is REVERSED and the matter is REMANDED for resentencing.