944 F.2d 906
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammad FAKIH, Defendant-Appellant.
 No. 91-1151.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1991.
 
 1
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Mohammad Fakih, a federal prisoner, appeals the sentence imposed by the district court on January 23, 1991 following his conviction for possessing counterfeit obligations of the United States with intent to defraud in violation of 18 U.S.C. § 472. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument.
 
 
 3
 Fakih pleaded guilty on October 30, 1990 to one count of the offense described above. The face value of the counterfeit notes for which he was charged was approximately $100,000, although evidence indicated that he also was involved in printing an additional $68,000 worth of counterfeit notes. Fakih and his codefendant, who also pleaded guilty in a separate proceeding, were employed as printers in the Detroit area and used their printing equipment to manufacture the counterfeit $20 bills.
 
 
 4
 An amended plea agreement, which called for a maximum 21-month term of imprisonment, a maximum term of supervised release of 3 years, a maximum $30,000 fine, and a $50 special assessment, was submitted at the sentencing hearing. This agreement was accepted by the court, with the defendant reserving his right to appeal the court's application of a 2-level enhancement for use of a special skill. The court sentenced Fakih to 20 months imprisonment, a 2-year term of supervised release, and a $50 special assessment. The sentence was determined by starting with a base offense level of 9 pursuant to U.S.S.G. § 2B5.1(a), increasing by 7 levels for the face value of the money pursuant to § 2F1.1(b)(1)(H), increasing by 2 levels for use of a special skill pursuant to § 3B1.3, and decreasing by 2 levels for acceptance of responsibility pursuant to § 3E1.1. This calculation resulted in an adjusted offense level of 16. Fakih's sentencing guideline range was therefore 21-27 months. The court then departed downward 1 month from the 21-month cap in the plea agreement because of cooperation with the government. Judgment of conviction was entered on January 23, 1991.
 
 
 5
 On appeal, Fakih argues that the court erroneously applied a 2-level enhancement under § 3B1.3 for use of a special skill, because that skill is already contemplated by § 2B5.1.
 
 
 6
 Upon review, we affirm the district court's judgment because its application of § 3B1.3 was proper where the undisputed evidence showed that Fakih, a professional printer, used that skill in producing counterfeit notes. The district court's finding regarding application of an enhancement provision is a factual finding subject to clearly erroneous review. See United States v. Feinman, 930 F.2d 495, 500 (6th Cir.1991) (involving enhancement provision under § 3B1.1); United States v. Foster, 876 F.2d 377, 378 (5th Cir.1989). The government bears the burden of establishing enhancement factors by a preponderance of the evidence. Feinman, 930 F.2d at 500.
 
 
 7
 Three circuits have considered whether printing is a special skill within the meaning of § 3B1.3 for the purpose of enhancing a sentence for counterfeiting under § 2B5.1. All have determined that it is. See United States v. Sharpsteen, 913 F.2d 59, 62 (2d Cir.1990); United States v. Fuente-Kolbenschlag, 878 F.2d 1377, 1380 (11th Cir.1989); Foster, 876 F.2d at 378. We find the Eleventh Circuit's reasoning particularly persuasive and decline to take a contrary position.
 
 
 8
 Given the undisputed evidence before the district court that Fakih possessed special skill as a printer and that he participated in the manufacture of the counterfeit notes, the district court's application of § 3B1.3 is not clearly erroneous.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation