73 F.3d 371
 77 A.F.T.R.2d 96-338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy S. CHOI, aka, Soo Chull Choi, Defendant-Appellant.
 No. 95-50074.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1995.
Decided Dec. 28, 1995.
 
 Before: HUG, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Tommy Choi appeals from his jury convictions for one count of tax evasion in violation of 26 U.S.C. Sec. 7201 and for one count of failure to file an income tax return in violation of 26 U.S.C. Sec. 7203. In addition, he appeals the sentence imposed for those convictions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 
 3
 * In 1987, Attorney Robert Standard hired defendant Tommy Choi to assist him with his law practice. Choi testified that he was employed to act as an interpreter and to help prepare personal injury cases. He claimed to earn minimal pay for his work. The government, however, put on evidence that Choi actually was employed by Standard as a "capper,"[1] and that Choi earned substantially more than he admits.
 
 
 4
 Choi did not file tax returns for tax years 1987 and 1988. He was indicted for two counts of tax evasion and two counts of failure to file an income tax return. Counts one and two charged Choi with tax evasion and failure to file a return for 1987, and counts three and four charged him with the same offenses for 1988. Choi was tried before a jury. The jury found Choi guilty of counts three and four, but it was unable to reach a verdict on counts one and two. The court declared a mistrial on counts one and two.
 
 II
 
 5
 Choi contends that the district court erred in denying his motion under Federal Rule of Criminal Procedure 29 for judgment of acquittal. He argues that there was insufficient evidence to prove he was a capper. Choi contends that if the jury believed that he was a capper, it would have convicted him on all four counts. Because the jury convicted him of the 1988 offenses while failing to reach a verdict on the 1987 offenses, Choi argues, the evidence of capping could not have been sufficient.
 
 
 6
 An inconsistent jury verdict, alone, is not grounds for reversal. United States v. Bracy, 67 F.3d 1421, 1430 (9th Cir.1995). Choi does not argue, however, that the jury verdicts warrant reversal. Instead, he contends that the verdicts indicate that the district court should have granted his motion for acquittal made at the close of the government's case-in-chief. Choi did not renew his motion at the close of his case.
 
 
 7
 Because Choi failed to renew his motion for acquittal after presenting his evidence, he "effectively waived his objection to the sufficiency of the government's evidence." United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). Nevertheless, we will review the sufficiency of the evidence to prevent a manifest miscarriage of justice or for plain error. Id. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Poschwatta, 829 F.2d 1477, 1480 (9th Cir.1987), cert. denied, 484 U.S. 1064 (1988).
 
 
 8
 The offense of a failure to file an income tax return under 26 U.S.C. Sec. 7203 has three elements: (1) the taxpayer was required to file a return; (2) the taxpayer did in fact fail to file a return; and (3) the failure to file was willful. Id. at 1481. Tax evasion under 26 U.S.C. Sec. 7201 also has three elements: "(1) the existence of a tax deficiency; (2) willfulness; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." United States v. Wood, 943 F.2d 1048, 1050 (9th Cir.1991). Choi's affirmative act of evasion was his failure to file a return.
 
 
 9
 The government's evidence was strong. Choi did not file an income tax return in 1988. Several of Standard's employees testified that Standard paid cappers for the referral of cases, and the business records of the law firm showed that Choi referred many cases to Standard. Two of Standard's employees further testified that Choi was not employed by Standard's law firm in a non-capping capacity as he claimed. The evidence also showed that in 1988, Choi cashed twenty-two checks drawn on Standard's trust account made payable to him or to cash, and that Choi deposited $8,310 in cash into his personal bank account that year. Johnathon Dietch, an Internal Revenue Service agent, testified that the checks cashed by Choi in 1988 totaled $63,100 and that Choi was required to file a return in 1988 if his income exceeded $4,950.
 
 
 10
 Choi admitted cashing the checks, but claimed that he returned the cash to Standard. He also claimed that he did not get paid for referring cases to Standard, and that the references in the business records to Mr. Choi, Choi, Tommy, Tomi, and Tommi must have been references to other persons with his name. Further, he claimed that the income he earned was not great enough to require the filing of an income tax return, and that Standard promised to pay for him any taxes due on his alleged non-capping wages.
 
 
 11
 The evidence presented by the government was more than sufficient to support Choi's convictions for tax evasion and failing to file a tax return in 1988. The jury was entitled to disbelieve Choi's testimony that he was not paid as a capper and give credit to the numerous witnesses that testified that he was paid as a capper. The jury was also entitled to conclude that Choi kept substantially all the money from the $63,100 in checks he cashed as income and willfully failed to report the income he earned from acting as a capper. The district court did not err in denying Choi's motion for acquittal.
 
 III
 
 12
 Choi contends that the district court erred in denying his request for a special verdict form requiring the jury to determine the amount of tax he evaded if they found him guilty of tax evasion. The district court rejected Choi's special verdict request because the court concluded a finding of the amount of tax evaded was not required by law. This is a question of law which we review de novo. United States v. Duran, 59 F.3d 938, 941 (9th Cir.), cert. denied, 64 U.S.L.W. 3379 (Nov. 27, 1995). The district court submitted proper verdict forms to the jury. While a tax deficiency is an element of the offense of tax evasion, it has long been settled that the exact amount of that deficiency need not be proven. United States v. Johnson, 319 U.S. 503, 517-18 (1943).
 
 IV
 
 13
 Choi challenges his sentence by claiming that the district court erred in considering conduct for which he was not convicted in determining the sentence. We review de novo a district court's interpretation and application of the Sentencing Guidelines. United States v. France, 57 F.3d 865, 866 (9th Cir.1995). We review de novo the legality of a sentence imposed under the Sentencing Guidelines. United States v. Manning, 56 F.3d 1188, 1200 (9th Cir.1995).
 
 
 14
 In determining Choi's sentence pursuant to the 1988 Sentencing Guidelines, the district court considered the tax loss from both 1987 and 1988. It did so despite the jury's failure to reach a verdict on the 1987 offenses charged. Choi contends that considering conduct for which he was not convicted was improper, and he cites United States v. Brady, 928 F.2d 844 (9th Cir.1991) and United States v. Pinkney, 15 F.3d 825 (9th Cir.1994) for support. His reliance on Brady and Pinkney is misplaced. These cases hold that a district court may not consider, in determining a sentence, conduct for which a defendant was acquitted. Brady, 928 at 851; Pinkney, 15 F.3d at 829. Choi was not acquitted of the 1987 offenses. The jury simply failed to reach a verdict on those counts.
 
 
 15
 In United States v. Duran, 15 F.3d 131 (9th Cir.1994), we addressed whether application of section 3B1.3 of the Sentencing Guidelines permits consideration of facts underlying a charge on which a jury failed to reach a verdict. After determining that section 3B1.3 permitted the consideration of conduct other than that involved in the offense of conviction, we turned to the question whether Brady prohibited it nevertheless. We held that Brady did not control because "the jury did not acquit [the defendant] of the charge that he had conspired to commit theft--it merely failed to reach a verdict. The government is free to retry [the defendant] on that charge, and the district court is similarly free to consider facts relating to that charge during sentencing." Duran, 15 F.3d at 133.
 
 
 16
 Section 1B1.3(a)(2) of the 1988 Guidelines states that the conduct to be considered in setting a base offense level includes, for "offenses of a character for which Sec. 3D1.2(d) would require grouping, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Tax evasion and the failure to file an income tax return are offenses for which section 3D1.2(d) would require grouping because their "offense level is determined largely on the basis of the total amount of harm or loss." Secs. 2T1.1, 2T1.2. Therefore, it was appropriate under the Guidelines to consider Choi's acts in 1987 because they were part of the same course of conduct as the acts underlying Choi's 1988 convictions.
 
 
 17
 Because consideration of the 1987 acts were appropriate under the Guidelines and a district court may consider facts underlying a charge on which a jury has failed to reach a verdict, the district court properly sentenced Choi based on the combined tax loss from 1987 and 1988.
 
 V
 
 18
 The district court properly denied Choi's motion for acquittal and his request for a special verdict form. Choi's sentence based on the combined tax loss from 1987 and 1988 is appropriate.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A capper, under California law, is a person who acts as "an agent for an attorney at law ... in the solicitation or procurement of business for such attorney." Cal.Bus. & Prof.Code Sec. 6151(a)