77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ismael MORIN-MONTALBO, Defendant-Appellant.
 No. 95-50267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ismael Morin-Montalbo appeals his sentence for assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and (b). Morin-Montalbo contends that the district court erred by applying the Sentencing Guideline for aggravated assault (U.S.S.G. § 2A2.2), rather than the Guideline for obstructing officers (U.S.S.G. § 2A2.4). We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 Morin-Montalbo was charged with two counts of assaulting or impeding a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and (b). A jury convicted Morin-Montalbo of one of the assault counts, but failed to reach a verdict on the second count. In the presentence report ("PSR"), however, the probation officer considered the conduct underlying the unconvicted charge as relevant conduct under U.S.S.G. § 1B1.3 and applied the base offense level for aggravated assault in calculating Morin-Montalbo's recommended sentence. At Morin-Montalbo's sentencing hearing, the district court adopted the PSR and made its own findings.
 
 
 4
 Morin-Montalbo contends that in determining his sentence, the court improperly considered conduct for which he was not convicted. We disagree.
 
 
 5
 We review de novo the district court's interpretation and application of the Sentencing Guidelines, accepting the court's factual findings unless they are clearly erroneous. See United States v. Sanchez, 914 F.2d 1355, 1361 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991). A sentencing court generally may consider facts that were not proven at trial, as long as the government establishes those facts by a preponderance of the evidence. See United States v. Karterman, 60 F.3d 576, 580 (9th Cir.1995). We have previously held that a sentencing court may consider, under U.S.S.G. § 1B1.3, facts related to a charge where a jury failed to reach a verdict. See United States v. Duran, 15 F.3d 131, 133 (9th Cir.1994) (per curiam); cf. United States v. Brady, 928 F.2d 844, 851-52 (9th Cir.1991) (court may not consider facts underlying charges for which defendant has been acquitted).
 
 
 6
 Here, the district court stated at the sentencing hearing that it did not believe Morin-Montalbo's defense and that "more probably than not" Morin-Montalbo had not told the truth. The court found that Morin-Montalbo turned and shot once at the officer for whose assault the jury failed to reach a verdict. A review of the defense and government testimony offered at trial indicates that the court did not clearly err by making this finding. See Karterman, 60 F.2d at 580. Therefore, although the jury failed to reach a verdict with regard to one of the assault charges, the sentencing court could properly consider the facts related to those charges as relevant conduct for sentencing purposes and the court did not clearly err by doing so. See id.; Duran, 15 F.3d at 133.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that Morin-Montalbo's contention is not reviewable on appeal because he failed to raise it in the district court. A district court's construction and interpretation of the Sentencing Guidelines are legal determinations. See United States v. MacDonald, 992 F.2d 967, 970 (9th Cir.1993). Because the government will not be prejudiced as a result of Morin-Montalbo's failure to raise his contention in district court, we will review his contention on appeal. See United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1994) (appellate court may consider issue raised for first time on appeal if issue is purely one of law and opposing party will not be prejudiced as result of failure to raise issue)