91 F.3d 156
 78 A.F.T.R.2d 96-5872
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward D. JAMISON, Defendant-Appellant.
 No. 95-50029.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1996.
Decided July 24, 1996.
 
 Before: GIBSON,* NOONAN and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward D. Jamison appeals his conviction and sentence for subscribing to false statements on tax returns in violation of 26 U.S.C. § 7206(1), and structuring transactions to avoid currency reporting requirements in violation of 31 U.S.C. § 5324. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Prior to his trial in this case, Jamison, a former Los Angeles County Sheriff's deputy, was tried along with five codefendants for civil rights and theft charges arising out a of a series of incidents in which the defendants allegedly battered criminal suspects, stole their money and property, planted narcotics on them, and lied in court and in police reports to hide their activities. The government was unable to prove the civil rights charges against Jamison beyond a reasonable doubt, resulting in a deadlocked jury as to those charges. Jamison was acquitted on the theft charges.
 
 
 4
 The government then indicted Jamison in the present case for filing false tax returns and unlawfully structuring transactions to avoid currency reporting requirements.
 
 
 5
 Over defense counsel's objection, the district court determined that the prosecution could introduce evidence of the same thefts charged in the earlier case to show the source of Jamison's unusually large amount of cash. The prosecution, however, decided not to introduce this evidence and was able to obtain convictions on five of six counts without it.
 
 
 6
 Jamison contends the district court's ruling, allowing evidence of thefts from the earlier trial to be used in his present trial, violated his double jeopardy rights under the Fifth Amendment to the United States Constitution. We disagree. The prosecution did not use the evidence from the earlier trial. There was no double jeopardy violation. See United States v. Colacurcio, 514 F.2d 1, 6 (9th Cir.1975).
 
 
 7
 Nor is Jamison correct that the evidence the government did introduce in the trial of this case was insufficient to prove Jamison's knowledge of the illegality of his structured transactions, a required element under 31 U.S.C. § 5324.
 
 
 8
 The evidence at trial amply supports the jury's finding that Jamison knew of the illegality of his structured transactions. The prosecution proved that Jamison structured numerous transactions to avoid currency reporting requirements. On several occasions, Jamison bought separate cashier's checks at different banks for amounts just below the $10,000 limit that triggers the reporting requirements. Jamison also bought an automobile for $10,000 in cash, a $12,500 check, and a $4,600 trade-in, narrowly avoiding the reporting requirements.
 
 
 9
 The prosecution also introduced evidence that, as a narcotics officer, Jamison had received formal training in conducting investigations of money laundering and illegally structured transactions. The jury also heard evidence that Jamison served on a drug squad investigating major drug traffickers, which included investigations into unlawful structuring of transactions. The prosecution also introduced evidence of conversations by Jamison and other criminal deputies concerning how to conceal their ill-gotten gains, including structuring transactions to avoid reporting requirements.
 
 
 10
 A defendant's knowledge can rarely be proved by direct evidence. Instead, it is usually established by drawing reasonable inferences from the defendant's conduct and the available facts. United States v. Tipton, 56 F.3d 1009, 1012-13 (9th Cir.1995), cert. denied sub nom Purmort v. United States, 116 S.Ct. 773 (1996). We can imagine no more reasonable inference from this wealth of facts that a jury could draw than that Jamison knew of the illegality of his transactions. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (sufficiency of evidence reviewed to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).
 
 
 11
 Jamison also argues the district court inappropriately enhanced his offense level for abuse of public trust and use of sophisticated means. We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. France, 57 F.3d 865, 866 (9th Cir.1995). The district court's factual findings in the sentencing phase are reviewed for clear error. Id. at 868.
 
 
 12
 The district court did not err by enhancing Jamison's offense level two levels for abuse of public trust pursuant to section 3B1.3 of the sentencing guidelines. That section provides for enhancement where a "defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3 (1990).
 
 
 13
 The evidence at trial showed that Jamison used his position as a deputy sheriff to unlawfully obtain cash seized in narcotics investigations. This money was not reported on Jamison's tax returns. His position as a deputy sheriff "significantly facilitated" the commission of his offenses by providing him access to large amounts of cash which he stole, and, not surprisingly, failed to report as income.
 
 
 14
 Although Jamison was not charged with theft in this case, a district court is not limited to charged conduct in determining whether to enhance a convicted defendant's sentence. As the introductory commentary to Part B of Chapter 3 of the sentencing guidelines points out, "The determination of a defendant's role in the offense is to be made on the basis of all [relevant] conduct ..., and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G., App. C, Amend. 345.
 
 
 15
 In United States v. Duran, 15 F.3d 131, 133 (9th Cir.1994), we held that a defendant's offense level could be enhanced for abuse of trust even if the defendant was not convicted of the conduct that constituted the abuse. "In applying the abuse of trust adjustment, sentencing courts may now consider relevant conduct other than that involved in the offense of conviction." Id. The district court properly applied this principle in Jamison's case.
 
 
 16
 Nor did the district court err by increasing Jamison's offense level two-levels for employment of sophisticated means pursuant to section 2T1.1(b)(2) of the sentencing guidelines. Application note 4 to section 2T1.1 states, " 'Sophisticated means' ... includes conduct that is more complex or demonstrates greater intricacy or planning than a routine tax-evasion case." U.S.S.G. § 2T1.1, Application Note 4. The background notes to section 2T1.1 explain that "[a]lthough tax offenses always involve some minimal planning, unusually sophisticated efforts to conceal the offense decrease the likelihood of detection and therefore warrant an additional sanction for deterrence purposes." U.S.S.G. § 2T1.1, Background Notes.
 
 
 17
 Jamison not only structured several complicated transactions unlawfully, but he also used fourteen bank accounts at different banks to conceal his illegal transactions. We agree with the district court that such extensive efforts to hide structured transactions constitute unusually sophisticated means within the sentencing guidelines. The district court did not err by increasing Jamison's offense level two-levels for his use of sophisticated means pursuant to guideline section 2T1.1(b)(2).
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3