106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allan J. CUI, Defendant-Appellant.
 No. 96-10065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 16, 1997.*
Decided Jan. 23, 1997.
 
 Before: LAY,** GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Allan Cui challenges the district court's imposition of a two-level upward adjustment of his offense level for abuse of a position of public trust pursuant to § 3B1.3 of the Sentencing Guidelines. We have jurisdiction to review a sentence pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We hold that the adjustment was warranted and affirm.
 
 BACKGROUND
 
 3
 Cui, a block sergeant at the Halawa Correctional Facility, was approached by an inmate acting as an informant for Hawaii's Department of Public Safety Narcotics Enforcement Division. The informant, who used the nickname "Boy," provided Cui with a pager number and explained that the person who responded to a page at that number could provide methamphetamine for Cui to smuggle into the prison for him. An undercover narcotics investigator using the name "Ross" responded to Cui's page and arranged to sell Cui methamphetamine for distribution to Boy. Cui was to receive $200 for his role in the operation.
 
 
 4
 Cui and Ross discussed the smuggling scheme in five tape-recorded telephone conversations. When Ross expressed concern that Cui would not be able to pass the drugs to Boy, Cui repeatedly assured him that his position as sergeant allowed him to meet with inmates alone. See S.E.R. at 52-54, 62, 65-66. When Ross questioned whether Cui could bring the drugs into the prison undetected, Cui confirmed that as a guard he would not be searched on his way into the prison. See S.E.R. at 52, 67.
 
 
 5
 On his day off, Cui arranged to meet Ross in the parking lot of a nearby shopping mall. Cui got into Ross's parked car and took the drugs. Ross handed him a $100 bill and told him that the other bill was in the trunk of the car. As the two men approached the trunk, Ross signaled to other officers on surveillance who arrested Cui.
 
 
 6
 Both after being advised of his rights and at trial, Cui asserted that he was conducting his own investigation into drug activity at the prison and had intended to turn over the drugs and money to the prison administrator. The government rebutted this claim at trial by demonstrating that Cui had no investigatory authority and that he failed to inform anyone of his suspicions or to mention his investigation either to his supervisors at the prison or to his son, a Honolulu police officer. Moreover, the government presented evidence that Cui did not record any of his phone conversations with Ross, that he did not seek to find out Ross's full name or record the license plate number on Ross's car, and that he had no backup when he met with Ross in the shopping mall parking lot.
 
 
 7
 The jury found Cui guilty of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. Finding that Cui had obstructed justice and abused a position of public trust by using his position as a sergeant in the prison to arrange to traffick drugs to inmates, the district court enhanced Cui's offense level and sentenced him to ninety-seven months in prison.
 
 THE SENTENCE ENHANCEMENT
 
 8
 Cui contends that because he never actually smuggled drugs into the prison the two-level offense adjustment for abuse of a position of public trust does not apply to his conduct. Cui's interpretation of the Guidelines would allow those who abuse a position of trust to avoid sentence enhancement simply because the were unable to carry out their plans fully before arrest. The Guidelines provide no such loophole.
 
 
 9
 Guideline § 3B1.3 states, in relevant part: "If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by two levels." We have held that "the primary trait that distinguishes a person in a position of trust ... is the extent to which the position provides the freedom to commit a difficult-to-detect wrong." United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990). Cui does not dispute that an adult corrections officer occupies a position of public trust. As the Fifth Circuit has stated, "The public places a great deal of trust in correctional officers. They expect that the officers will not participate with inmates in schemes to violate the law." United States v. Brown, 941 F.2d 1300, 1305 (5th Cir.1991); see also United States v. Scurlock, 52 F.3d 531, 541 (5th Cir.1995) (defendant prison guard abused her position when she used her ability to interact with prisoners to enter a criminal venture, receive packages containing illegal profits, and smuggle money into the prison).
 
 
 10
 Cui focuses solely on his conduct at the instant he took possession of the drugs to argue that he did not use his position of trust to "facilitate" his offense. He notes that the transfer took place on his day off, that he never displayed a badge or other symbol identifying him as a corrections officer during the transaction, that he was not wearing his uniform, and that the transaction did not occur on the prison grounds. Cui's attempt to ignore his conduct prior to the drug exchange fails for two reasons.
 
 
 11
 First, in applying the abuse of trust adjustment, sentencing courts may consider conduct other than that involved in the offense of conviction. See United States v. Duran, 15 F.3d 131, 133 (9th Cir.1994) (holding that Guideline § 1B1.3 applies to abuse of trust determinations). Courts determine whether a defendant abused a position of trust based on "all acts and omissions committed ... by the defendant ... during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). For a defendant like Cui, who was convicted of an offense requiring grouping under Guideline § 3D1.2(d), courts may also consider all acts of the defendant "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).
 
 
 12
 Cui abused his position as a prison guard with insider knowledge of prison policies and access to inmates "in preparation for" his offense of possessing drugs with the intent to distribute them inside the prison. He gained access to Ross, the drug supplier, solely through his prison contacts and while on duty. In tape-recorded conversations, Cui described to an undercover agent how he could use his position as a block sergeant to bring the drugs into the prison undetected and pass the drugs to an inmate in private. These plans and assurances were "part of the same course of conduct or common scheme" as Cui's actual possession and intent to distribute the methamphetamine. We have upheld a sentence enhancement for abuse of trust where a U.S. Marshal, convicted of attempted extortion, bragged that he had friends who could get an unlisted number and used his contacts to find his victim's address and wife's name. See United States v. Pascucci, 943 F.2d 1032, 1037 (9th Cir.1991). Cui's position similarly afforded him the opportunity to arrange and carry out his crime.
 
 
 13
 Second, a sentencing court may increase the offense level where a defendant abuses a position of trust "in a manner that significantly facilitate[s] the ... concealment of the offense." U.S.S.G. § 3B1.3. By telling investigators that he was conducting his own inquiry into drug activity at the prison, Cui used his position to conceal his own crime and to dissuade the officers from proceeding further with their investigation. The jury, and the district court at sentencing, found Cui's independent investigation claim unsupported by evidence. We have previously upheld an enhancement for abuse of trust where a defendant used the symbols of her position--her police badge and identification--to discourage further inquiry into her own criminal activity. See United States v. Foreman, 926 F.2d 792, 796-97 (9th Cir.1990). It is irrelevant that Cui's attempt to evade punishment was unsuccessful. A court may enhance a sentence for abuse of position of trust where a defendant uses that position to conceal a crime "regardless of the success of that abuse." See id. at 796. Because Cui exploited the very access that allowed him to arrange his criminal enterprise to conceal his role, the two-level enhancement was warranted.
 
 
 14
 The public expects that prison guards will do more than keep order. It trusts that guards will not conduct within the prison gates the very illicit activity for which many inmates are being punished. The jury found that Cui used his contacts at the Halawa Correctional Facility to arrange to purchase drugs and to smuggle them to an inmate inside the prison. This was an abuse of the public's trust for which the Guidelines allow enhanced punishment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3