116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack M.K. GONZALES, Defendant-Appellant.
 No. 95-30351.
 United States Court of Appeals, Ninth Circuit.
 June 13, 1997.
 
 MEMORANDUM*
 Appeal from the United States District Court for the Western District of Washington. Franklin D. Burgess, District Judge, Presiding.
 Before: WRIGHT, PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 Gonzales appeals his jury trial conviction and sentence for wire fraud, money laundering and conspiracy. The facts are described in his codefendants' appeal, United States v. Rude, 88 F.3d 1538 (9th Cir.1996).
 
 
 2
 Gonzales challenges several evidentiary rulings. This court reviews claims of evidentiary error under an abuse of discretion standard. United States v. Brooke, 4 F.3d 1480, 1487 (9th Cir.1993). Reversal is appropriate for nonconstitutional evidentiary error only if the error more likely than not affected the verdict. United States v. Karterman, 60 F.3d 576, 579 (9th Cir.1995).
 
 
 3
 Gonzales's counsel asked a government witness for his opinion of Gonzales's reputation for truth and veracity. The government then asked the witness if his opinion would change if he knew about specific conduct attributed to Gonzales. Gonzales argues that the court erred by permitting reference to the conduct because the court's in limine order excluded it and it was irrelevant.
 
 
 4
 We disagree. "A witness who has endorsed the character of the defendant may be cross-examined about whether he's heard about prior bad acts of the defendant." United States v. Bush, 58 F.3d 482, 488 (9th Cir.1995). Gonzales opened the door to questions about prior bad acts by putting his character for truthfulness at issue. The in limine order applied only to the government's case-in-chief.
 
 
 5
 Gonzales next contends that the court erred by allowing testimony that he refused to complete a withdrawal for $30,000 at a Las Vegas casino in order to avoid the required Currency Transaction Report (CTR). He argues that admission of the testimony violated the court's in limine order excluding tax evasion evidence, and that its sole purpose was to show general bad character.
 
 
 6
 The in limine order allowed evidence of gambling if it related to fraud proceeds. Earlier testimony showed that Gonzales caused fraud proceeds to be wire-transferred to the casino, and the CTR evidence demonstrated that he wanted to conceal his connection to the proceeds. Its probative value as to fraudulent intent exceeded its prejudice.
 
 
 7
 Gonzales challenges the in limine ruling that, if he testified, the government could cross-examine him under Federal Rule of Evidence 608 as to financial disclosures, tax evidence, and his bankruptcy petition. His subsequent decision not to testify waived this challenge. United States v. Sherwood, 98 F.3d 402, 409 (9th Cir.1996); United States v, Behanna, 814 F.2d 1318, 1321 (9th Cir.1987).
 
 
 8
 Gonzales alleges prosecutorial misconduct in closing arguments. Because he failed to object at trial, we review for plain error. United States v. Freter, 31 F.3d 783, 786 (9th Cir.1994). This standard permits reversal only if the error seriously affected the fairness, integrity or public reputation of the judicial proceedings. United States v. Olano, 62 F.3d 1180, 1188 (9th Cir.1995).
 
 
 9
 In closing, the prosecutor responded to defense counsel's portrayal of Gonzales as a victim. He asked the jury if Gonzales acted like a crime victim, considering the facts that he never called the police for help and that, when investigators contacted him, he told them to put their questions in writing.
 
 
 10
 Gonzales argues first that the inference of guilt from failure to contact the police violated his right to remain silent. The allusion to pre-arrest silence cannot be plain error because there is no controlling Supreme Court or Ninth Circuit precedent and the other circuits are split. United States v. Thompson, 82 F.3d 849, 85 § -56 (9th Cir.1996).
 
 
 11
 He next argues that the inference of guilt from pre-arrest behavior violated due process under the reasoning of Doyle v. Ohio, 426 U.S. 610 (1976). Doyle does not apply here because the challenged comments referred to Gonzales's behavior prior to being arrested and given Miranda warnings.
 
 
 12
 Gonzales also argues that the closing argument included improper and pervasive "liar" arguments about him. This issue was litigated and resolved in Rude, which considered the effect of allegedly inflammatory language during the trial of Gonzales and his codefendants, including over 90 uses of variations on the word "lie." It held that the remarks were within the boundaries of proper openings and summations and that there was no prejudicial error in allowing them. Rude, 88 F.3d at 1548.
 
 
 13
 Gonzales argues that even if the alleged errors do not individually rise to the level of reversible error, their cumulative effect is so prejudicial as to require reversal. This argument fails. Where the court does not commit error, there is no cumulative error. United States v. De Cruz, 82 F.3d 856, 868 (9th Cir.1996).
 
 
 14
 Finally, Gonzales appeals the court's application of the abuse of trust enhancement at sentencing. We review de novo the propriety of the enhancement, which is a mixed question of law and fact. United States v. Ferrin, 994 F.2d 658, 665 (9th Cir.1993). We review factual findings for clear error. United States v. Sarno, 73 F.3d 1470, 1500 (9th Cir.1995), cert. denied, 116 S.Ct. 2555 (1996).
 
 
 15
 The Sentencing Guidelines prescribe a two-level enhancement "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. The application notes specify that lawyers possess the "special skill." U.S.S.G. § 3B1.3, comment. (n. 1-2).
 
 
 16
 Gonzales argues that he did not use his legal skill to further the crimes against Unity House. He says, citing United States v. Foster, 876 F.2d 377, 378 (5th Cir.1989), that the skill at issue must facilitate the charged offense and not other conduct.
 
 
 17
 This argument ignores the Sentencing Guidelines' 1990 amendments and this court's opinion in United States v. Duran, 15 F.3d 131 (9th Cir.1994), cert, denied, 116 S.Ct. 535 (1995). Duran discusses the amendments and their effect on Foster and holds: "In applying the abuse of trust adjustment, sentencing courts may now consider relevant conduct other than that involved in the offense of conviction." Duran, 15 F.3d at 133 & n. 1. The district court therefore could consider Gonzalez's use of legal skills in relation to the entire scheme. It found that he used his position as an attorney to gain the attention and trust of would-be investors and that he referred repeatedly to his work as an attorney in written materials that he provided.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3