**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50017 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-01115-MMM-1 |
| v. | |
| IRINA TOPILINA, AKA Irina Topilina Pinchuk, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 13, 2018**
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable John A. Woodcock, Jr., United States District Judge
for the district of Maine, sitting by designation.

Irina Topilina appeals the district court's order of restitution for $566,047.11 to the estate of C.M. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The sole issue before us is whether the district court abused its discretion in determining that Topilina's uncharged fraudulent offenses against C.M. were "relevant conduct"—as defined under U.S.S.G. § 1B1.3—to her bankruptcy-fraud conviction. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170, 1174 (9th Cir. 2017) (en banc), *cert. denied*, 138 S. Ct. 229 (2017). As pertinent to this appeal, relevant conduct is defined as "all acts and omissions" by the defendant that (1) "would require grouping" with the defendant's offense of conviction under U.S.S.G. § 3D1.2(d) and (2) "were part of the same course of conduct or common scheme or plan as the offense of conviction . . . ." U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (U.S. Sentencing Comm'n 2016).

**1.** In determining the offense level of a defendant convicted of multiple counts, the Sentencing Guidelines instruct courts to group "[a]ll counts involving substantially the same harm . . . together into a single Group." U.S.S.G. § 3D1.2. For instance, in *United States v. Brown*, we determined that the district court properly grouped the defendant's bankruptcy-fraud conviction with fraud convictions stemming from a Ponzi scheme because the bankruptcy offense resulted from his efforts to conceal the Ponzi scheme's illicit proceeds. 771 F.3d

1149, 1158 (9th Cir. 2014).  The district court below similarly concluded that Topilina "concealed assets in the bankruptcy proceeding so that her fraudulent acquisition of assets from C.M. would not come to light."  This finding of fact was not clearly erroneous.  *See United States v. Bussell*, 504 F.3d 956, 962 (9th Cir. 2007).

Moreover, even assuming that Topilina's fraud against C.M. could not have been charged as a federal offense, our case law forecloses her contention that § 3D1.2(d) does not allow grouping with state-law crimes.  *United States v. Newbert*, 952 F.2d 281, 284 (9th Cir. 1991).  Accordingly, the district court did not abuse its discretion in determining that Topilina's bankruptcy-fraud conviction could be grouped with her uncharged fraud offenses.

2.     "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by *at least one* common factor, such as common victims, common accomplices, common purpose, or similar modus operandi."  U.S.S.G. § 1B1.3 cmt. n.5(B)(i) (emphasis added).  Here, the district court concluded that Topilina's fraudulent acts shared a common purpose because she defrauded C.M. to *obtain* the assets and then fraudulently concealed those very same assets during bankruptcy in order to *retain* them.  Topilina counters that her fraudulent acts had different victims—C.M. versus the

3

bankruptcy estate and creditors—and had different modi operandi. But common victims and a common M.O. are merely examples of common factors that connect two or more offenses in a common plan or scheme—not required elements.

There is also no merit to Topilina's contention that her fraudulent acts were unconnected because she could have filed for bankruptcy *before* she defrauded C.M. This argument once again merely challenges the district court's finding that she committed bankruptcy fraud in order to conceal her fraud against C.M. and is thus equally unavailing. *See, e.g.*, *United States v. Duran*, 15 F.3d 131, 134 (9th Cir. 1994). And even if concealing the assets' fraudulent provenance was not Topilina's primary motivation in committing bankruptcy fraud, she did not disclose the assets because she sought to retain them after her bankruptcy. The underlying goal for her charged and uncharged fraudulent acts was to have and enjoy valuable assets that did not belong to her. The district court therefore did not abuse its discretion in concluding that these offenses were part of a common scheme or plan or in ultimately holding that these fraudulent acts were related conduct.

Accordingly, the district court is **AFFIRMED**.

4