UNITED STATES of America,
Plaintiff–Appellee,

v.

Jorge Alberto MERINO, Defendant–
Appellant.

No. 98–50037.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1998

Filed Sept. 13, 1999

Korey House, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

William W. Carter, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: KOZINSKI, KLEINFELD, and GRABER, Circuit Judges.

KLEINFELD, Circuit Judge:

The only issue in this case is application of a sentencing enhancement under the guidelines.

## FACTS

Merino ran a company that contracted to remove and dispose of others' wastes.

He pleaded guilty to unlawful transportation of hazardous waste[1] and unlawful storage of hazardous waste.[2] Despite what appeared to be paperwork showing that he had properly transported waste to appropriate facilities, he was storing a great deal of it on two vacant lots.

Merino's landlord spent $15,775 removing waste, some classified as "hazardous" and some not, from one of the lots. Ownership of the other lot had not been determined as of the time Merino was sentenced, nor had the lot been cleaned up. The district judge estimated, based on the various figures put before her, that total cleanup expense for the two lots put together, including the $15,775 already spent, would be "well above $32,000."

The applicable sentencing guideline provides for a base offense level of 8.[3] The level is increased by 4 "[i]f the offense resulted in disruption of public utilities or evacuation of a community, or if cleanup required a substantial expenditure."[4] The probation officer recommended imposing the four-level upward adjustment on the ground that Merino's landlord was an individual for whom $15,775 was a substantial amount of money. The district judge did not agree with that interpretation, but in the absence of guidance from any circuit court decision, concluded that whether an expense was "substantial" should be measured by whether the amount would be a substantial expenditure by a reasonable person. $32,000 measured up to that standard, so she imposed the four level upward adjustment. Merino appeals imposition of the adjustment.

1. 42 U.S.C. § 6298(d)(1).

2. 42 U.S.C. § 6298(d)(2).

3. U.S.S.G. § 2Q1.2(a).

4. U.S.S.G. § 2Q1.2(b)(3).

5. *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

6. *Koon,* 518 U.S. at 98, 116 S.Ct. 2035.

## ANALYSIS

*Koon v. United States*[5] holds that courts of appeal must review district court departures for abuse of discretion, not *de novo*. Some of its analysis applies as well to review of sentencing determinations not involving departures, such as application of adjustments. The Court said "[t]he deference that is due depends on the nature of the question presented,"[6] so a court of appeals need not defer to a district court's decision on a pure question of law.[7]

■ The statute says that we must determine whether the sentence "was imposed as a result of an incorrect application of the sentencing guidelines."[8] In performing that task, we must give "due regard" to the district court's judgment of witnesses' credibility, must accept findings of fact unless they are clearly erroneous, and must "give due deference to the district court's application of the guidelines to the facts."[9] This case does not fall within any of the categories for which Congress expressly directed us to grant special deference. The district court was concerned, not with whether the expenditure was "substantial" in these particular circumstances, but with what "substantial" meant generally. That is how the probation officer and counsel for both sides presented the question and how it was resolved. We have said, since *Koon,* that "[w]e review the district court's interpretation and application of the Sentencing Guidelines de novo."[10] This is not different in practical effect from *Koon*'s statement that "[a] district court by definition abuses its discretion when it makes an error of law."[11]

7. *See id.* at 100, 116 S.Ct. 2035.

8. 18 U.S.C. § 3742(e)(2).

9. 18 U.S.C. § 3742(e).

10. *United States v. Barnes,* 125 F.3d 1287, 1290 (9th Cir.1997).

11. *Koon,* 518 U.S. at 100, 116 S.Ct. 2035.

■ Because of the nature of the question as resolved by the district court, what "substantial" means as used in the guideline, we cannot defer to the district court's resolution, but must decide the question of law for ourselves. The probation officer thought the word meant one thing, the district judge another, and counsel something else. The district court treated the question as what the word meant generally, not what it meant as applied to the facts of this particular case. This matter of interpretation is an issue of law that we review without deference to the district court's determination.[12]

■ The guideline for the adjustment at issue says, "If the offense resulted in disruption of public utilities or evacuation of a community, or if cleanup required a substantial expenditure, increase by 4 levels."[13] The word "substantial" is not defined. The application note says the enhancement applies "where a public disruption, evacuation or cleanup at substantial expense has been required," and provides for two level departures up or down "[d]epending on the nature of the contamination."[14]

Neither side has found any cases explaining what "substantial" means in this guideline. Merino cites a number of cases to show that environmental cleanups are commonly in the six or seven figure range, so that a middle five-figure cleanup such as this is small rather than "substantial" as compared with the general run of cleanups. The government urges use of a dictionary definition of "substantial," as "[b]eing of considerable importance, value, degree, amount, or extent."[15] That just begs the question, substituting "considera-

ble" for "substantial." As Merino argues, what is a "substantial" expenditure for one thing, such as buying furniture, is not very "substantial" for another, such as if one were purchasing a dwelling for $32,000.

■ A word in a statute ought to be read in the context of the purpose it serves.[16] The purpose here is to distinguish some transporting, storage, and other offenses from others, according to how much harm they do. The context of the word substantial is an enhancement for three circumstances, the other two of which are very serious indeed: disruption of public utilities, such as might occur if the water supply were contaminated, and evacuation of a community, such as might occur if a toxic gas were discharged. The contamination in this case was not of that magnitude and posed no such threat.

■ It is useful to apply the familiar principle of *noscitur a sociis* to read the word in context. "If the legislative intent or meaning of a statute is not clear, the meaning of doubtful words may be determined by reference to their relationship with other associated words and phrases."[17] The associated phrases distinguish run-of-the-mill contaminations from those so serious as to disrupt utilities or require evacuation of communities. For an expenditure to be "substantial" in this context, it ought to be of the same order of magnitude in its impact on the community. At the least, it should be much greater in economic impact than the run-of-the-mill contamination. If a mid-five figure cleanup were "substantial" for purposes of the adjustment, it is hard to imagine a storage

12. *See United States v. Davoudi,* 172 F.3d 1130, 1134 (9th Cir.1999).

13. U.S.S.G. § 2Q1.2(b)(3).

14. U.S.S.G. § 2Q1.2, application note 7. The note, in its entirety, reads:
    Subsection (b)(3) provides an enhancement where a public disruption, evacuation or cleanup at substantial expense has been required. Depending upon the nature of the contamination involved, a departure of up

to two levels either upward or downward could be warranted.

15. *Id.*

16. *See Portland 76 Auto/Truck Plaza Inc. v. Union Oil Co.,* 153 F.3d 938, 946 (9th Cir. 1998).

17. Norman J. Singer, Sutherland On Statutes And Statutory Construction § 47.16 (5th ed.1992)

violation that would not require the adjustment, yet that cannot be right, because the base offense level is supposed to be 8, not 12.

The sentence is VACATED and the case is REMANDED to the district court for resentencing.