**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcelo LOPEZ–SEPULVEDA,**
**Defendant–Appellant.**

No. 01–50256.

D.C. No. CR–00–3611–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before PREGERSON, ALARCON, and WARDLAW, Circuit Judges.

MEMORANDUM**

Marcelo Lopez–Sepulveda challenges the district court's refusal to apply a two-level downward adjustment for a minor role in the offense. *See* USSG § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez–Sepulveda argues that he was merely an unknowing drug courier and had little involvement or decisionmaking authority in any drug conspiracy. However, just because "a defendant acted as a drug courier does not mean his role was minimal or minor." *United States v. Davis*, 36 F.3d 1424, 1436–37 (9th Cir. 1994); *see also United States v. Hursh*, 217 F.3d 761, 770 (9th Cir.2000). The evidence supported the district court's determination that he was more than a mere

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

courier; at the time of his arrest he was driving alone in a truck he owned, which contained drugs concealed in a specially built compartment in the gas tank behind a trap door. The district court did not credit Lopez–Sepulveda's professions of ignorance or attempts to blame others for the drugs, and we must defer to such credibility determinations. *See* 18 U.S.C. § 3742(e); *United States v. Merino*, 190 F.3d 956, 957 (9th Cir.1999).[3] While it may not be clear precisely what Lopez–Sepulveda's role was, he did not prove by a preponderance of the evidence that his role was minor. *See Ajala v. United States Parole Comm'n*, 997 F.2d 651, 657 (9th Cir.1993). Accordingly, the district court did not clearly err when it held he was not entitled to a minor role adjustment. *See Hursh*, 217 F.3d at 770.

**AFFIRMED.**

---

**3.** The district court did not err in considering evidence of other non-offense conduct in determining his role in the offense. *See United* *States v. Duran*, 15 F.3d 131, 133 (9th Cir. 1994); U.S.S.G. ch. 3, pt B, introductory cmt.