**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Allan Winston TAYLOR, Defendant—Appellant.**

No. 01–30436.

D.C. No. CR–01–00004–ALH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 23, 2003.

---

Before B. FLETCHER, KLEINFELD and MCKEOWN, Circuit Judges.

## MEMORANDUM *

We reverse the enhancement for obstruction of justice under U.S.S.G. § 3C1.1. *United States v. Draper*, 996 F.2d 982 (9th Cir.1993), and *United States v. Takahashi*, 205 F.3d 1161 (9th Cir.2000), are both distinguishable, because in both of those cases the appellant was supposed to be in a custodial facility. In *Draper*, his condition required that he "reside at a community treatment center," but he didn't return there at night as he was required to do. In *Takahashi* the appellant was supposed to be in jail, but he had broken out. Under these circumstances, his "breaking back in" to jail did not mitigate the initial obstruction of justice. By contrast, in this case Taylor was not subject to commitment at any sort of custodial facility. He was on pre-sentence release subject to conditions including that he would "report as directed to the U.S. Pretrial Services office," and would refrain from using alcohol. He did not wilfully abscond and remain a fugitive for an extended period as in *United States v. Petersen*, 98 F.3d 502 (9th Cir.1996). Although he violated his conditions by going off to Las Vegas and getting drunk, he voluntarily returned to Portland and turned himself in, thus allowing his sentencing hearing to continue without significant delay.

Our holding draws support from the Application Notes to U.S.S.G. § 3C1.1. According to Application Note 3, Application Note 4 of U.S.S.G. § 3C1.1 "sets forth examples of the types of conduct to which this adjustment is intended to apply" and "Application Note 5 sets forth examples of less serious forms of conduct to which this enhancement is not intended to apply." Types of conduct listed by Note 4 include threatening witnesses, suborning perjury, producing false documents during official investigations or judicial proceedings, destroying evidence, "escaping or attempting to escape from custody," and so forth. Application Note 5, which lists the types of conduct that "ordinarily do not warrant application of this adjustment" includes such things as providing a false name at arrest, making false statements to law enforcement officers, providing misleading information in respect to a presentence investigation, fleeing from arrest, and lying to a probation officer about drug use.

The Application Notes should be interpreted according to the principle of *noscitur a sociis*. *See United States v. Merino*, 190 F.3d 956, 958 (9th Cir.1999) (citing NORMAN J. SINGER, SUTHERLAND ON STATUTES AND STATUTORY CONSTRUCTION §§ 47.16 (5th ed.1992)). Taylor's conduct is more like the kinds of misconduct in Note 5 than in Note 4. His conduct does not fit the escape subsection of Note 4 because although he breached his obligations to the court and the probation officer, it is a stretch to call what he did an "escape," and whether it was or was not, it was not "from custody." [1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Taylor went to Las Vegas and drank so much that he had to be hospitalized, and committed further offenses, violating his bail conditions. This took place from July 13, 2001 to July 18, 2001. The basis for both the arrest warrant and the detention order was that Taylor "violated the conditions of his ... release." The violations, according to the Pretrial Services Officer's petition, were "consuming alcohol, possessing alcohol, and not taking Antabuse." He did not miss a judicial proceeding. His last court appearance before his excursion was in May (two months before) and the next scheduled proceeding was sentencing on August 13, 2001, one month after his trip to Las Vegas.

REVERSED AND REMANDED FOR RESENTENCING CONSISTENT WITH THIS DISPOSITION.

---

He was arrested and detained on July 18, almost one month before his scheduled sentencing date. A few weeks after Taylor returned, the court rescheduled the sentencing at the request of Taylor's counsel. The letter noted Taylor's attorney had been on annual leave for five weeks, and requested time for additional investigation based on "intervening developments," "issues concerning certain aspects of the report," and "Taylor's recent return to custody." The sentencing was rescheduled by judicial decision, not because Taylor was unavailable. He was available in jail for whatever date the judge thought appropriate.