■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX GOMEZ, Appellant. [808 NYS2d 626]—

Upon remittitur from the Court of Appeals, judgment, Supreme Court, New York County (Michael R. Ambrecht, J., at hearing; John A.K. Bradley, J., at plea and sentence), rendered July 15, 2003, convicting defendant of criminal possession of a controlled substance in the second degree and sentencing him to a term of seven years to life, unanimously affirmed.

On the prior appeal to this Court, defendant argued, inter alia, that his consent to the vehicle search was not voluntary, that the search exceeded the scope of the consent and that probable cause for the search was lacking. Concluding that the search exceeded the scope of defendant's consent,[1] the Court of Appeals reversed our affirmance of the judgment and remitted the matter to this Court for consideration of issues raised but not determined on the original appeal.

As we held on the prior appeal, the suppression court's credibility determinations are supported by the record (11 AD3d 333 [2004]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). The search of the automobile was supported by probable cause. The excessively tinted windows,[2] which the officer recognized as a sign that the vehicle was being used for illegal drug activity; his observations, upon inspection of the car's undercarriage for evidence of a hidden compartment, of a fresh undercoating near the gas tank evincing such a compartment (*see United States v Lopez-Sepulveda*, 46 Fed Appx 887 [9th Cir 2002], *cert denied*

---

1. On appeal to the Court of Appeals, defendant did not contest the voluntariness of his consent to search. The Court of Appeals noted that the suppression court's finding of consent, which this Court upheld, was supported by the record (5 NY3d 416, 418-419 n 1 [2005]).

2. This is a violation of Vehicle and Traffic Law § 375 (12-a) (b).

537 US 1179 [2003]; *United States v Anderson*, 114 F3d 1059 [10th Cir 1997]); and an apparent erasure of the abbreviation "Co." from the owner's name on the car registration, indicative of tampering, furnished the requisite probable cause to believe that the car was being used for drug trafficking (*see People v Concepcion*, 172 Misc 2d 134 [1997]).

After defendant's consent to search was obtained, the officer pulled back the rear seat and observed nonfactory carpeting in proximity to the area where he had spotted fresh undercoating. Upon pulling up the carpeting, he "discovered a cut in the floorboard. [He] used his pocket knife to twist open the sheet metal. After struggling to reach what he thought was a plastic bag, [he] returned to his cruiser and retrieved a crowbar, which he used to pry open part of the gas tank. The officers ultimately recovered seven bags of cocaine weighing approximately 1½ pounds from the compartment found in the gas tank" (5 NY3d 416, 418 [2005]). Without reaching the question of whether "pulling up the carpet and twisting a knife in the floorboard" exceeded the scope of the consent (*id.* at 420 n 2), the Court of Appeals held that the use of the crowbar to pry open the gas tank clearly did.

Thus, even if probable cause was initially lacking, the officer's initial observations, coupled with his observation, after defendant consented to the search, of the nonfactory carpeting, justified pulling back the carpeting, revealing a cut in the floorboard, which in turn justified the more intrusive search that followed. Concur—Saxe, J.P., Sullivan, Ellerin, Nardelli and Sweeny, JJ.